FREDERICK v. SHANE *et al.*

Ad quod damnum proceedings; ROAD. In the assessment of damages an individual sustains in the location of a road over his lands, the jury cannot, under article 1, section 18 of the State constitution, take into consideration any advantage or benefit that may result to the owner by reason of the establishment of the road, as that it would tend to drain and improve the land.

*Appeal from Mahaska Circuit Court.*

FRIDAY, JULY 28.

PLAINTIFF filed, in the office of the auditor of Mahaska county, an application claiming $500 damages, caused by the location of a road upon his land. The board of supervisors appointed appraisers, who reported plaintiff's damages at $150. The report was confirmed, and the damages as reported allowed, and paid to the auditor. Upon an appeal to the circuit court, there was a verdict and judgment for plaintiff in a like amount. The bill of exceptions found in the record discloses the rulings of the court, which are made the foundation of plaintiff's assignment of errors upon this appeal. It is in the following words:

"Be it remembered that upon trial of the above entitled cause, the defendants introduced evidence to show that the result of locating and opening and working the road upon the land of plaintiff at and along the line where the same was established by the board of supervisors would be to drain the plaintiff's land described in his application for damages, and thereby improve the same and make it more valuable than it otherwise would be, that said evidence was brought out upon cross-examination by plaintiff, the witnesses saying that they, in estimating damages, considered that the drainage would be of some benefit to the land,

and that they took the same into consideration in making their estimates. Two witnesses so testified.

And thereupon the court instructed the jury as follows, viz.:

" You are not to consider as tending to lessen the damages, any advantages to the land caused by the opening of said road, *as a road,* but if the effect of opening the road would, in your opinion, as found from the evidence, tend to drain and improve the land, such fact would be a proper subject for your consideration as tending to offset the damages.

To which evidence and instruction the plaintiff at the time excepted."

A motion for a new trial, made by plaintiff, was over ruled, and judgment was entered upon the verdict, from which plaintiff appeals to this court.

A motion by plaintiff that the full costs of suit be taxed against defendants was sustained. From this order defendants appeal.

*Seevers & Cutts* for the plaintiff.

*Lacy & Shepherd* for the defendants.

BECK, J. — The question presented for our consideration by plaintiff's appeal arises upon the admission of evidence and the instruction given to the jury, as shown by the bill of exceptions. It is this: Can the value of the benefits resulting to plaintiff's land on account of the fact that the road will incidentally drain it, and thus increase its value, be deducted from the actual damages to which he is otherwise entitled? This question is one of no difficulty, and may be briefly disposed of.

Section 18, article 1 of the constitution, is in the following words:

"Private property shall not be taken for public use

without just compensation first being made or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantage that may result to said owner on account of the improvement for which it is taken."

The words of this provision are plain and unmistakable. They are that the jury, in assessing the damages, "shall not take into consideration *any advantage that may result to said owner on account of the improvement for which it is taken.*" The expression, "*any advantage,*" is used to cover all benefits of every kind that may result; incidental, indirect, consequential and remote benefits are meant as well as direct and immediate. Those benefits that result to the land itself, as the improvement of the soil, if that be possible, the drainage of ponds, etc., which increase its intrinsic value, are included in the expression as well as other consequences attending the location of highways which increase the value of real estate. In short, whatever benefit results to the land, on account of the improvement, is covered by the provision. The use of the word "improvement" has peculiar significance in this connection. It relates to the work done, the road itself when constructed, as well as to its uses and purposes. The express language, therefore, of the constitution covers benefits accruing on account of the road itself, as well as on account of its uses.

But further discussion is unnecessary. The language is so plain that efforts to elucidate it do not aid the understanding in comprehending its meaning.

*Henry* v. *The D. & P. Railroad Co.*, 2 Iowa, 288, cited by defendant's counsel, arose and was decided under the old constitution of the State, which does not contain the provision we have been considering. Whatever is said in that case, therefore, which would seem to support the

position of counsel for defendant, is not applicable to the question we are considering.

The position of counsel that the constitutional provision under consideration is applicable only to cases where lands are taken for the construction of railroads or other like public improvements, is not tenable. It extends to all cases where private property is taken for public use. Under the exercise of the power of the State to do this, lands of citizens are condemned, in the manner pointed out by the statute, for public highways.

II. The plaintiff having failed to recover a larger amount upon his appeal to the circuit court than was allowed by the supervisors, it is claimed by defendants that he is not entitled to costs, and that the order by the circuit court in relation thereto is, therefore, erroneous. This is the only point presented by defendant's appeal. As the judgment of the circuit court must be reversed upon plaintiff's appeal, and the cause remanded for a new trial, the question presented need not be decided. Such proper order and judgment in relation to costs, as shall be required by justice and the law, will doubtless be made by the circuit court in the further progress of the cause. The judgment of the court below is reversed. The costs of this court are adjudged against defendants.

Reversed.