BRITTON ET AL v. D. M., O. & S. R. Co.

1. **Parties:** RIGHT TO JOIN GIVES NO RIGHT TO BE SUBSTITUTED. Section 2683 of the Code, which gives to any one interested in the subject-matter involved in the action the right to *unite with* the defendant in resisting the claim of the plaintiff, does not give to such interested person the right to be *substituted for* the defendant.

2. **Practice:** DIRECTIONS OF COURT TO WITNESS. It is not improper for the court, on its own motion, to indicate to a witness what matters should be considered in answering a question, nor, when objections are made to questions asked a witness, to state what the court deems the proper course to be taken.

3. **Railroads:** RIGHT OF WAY: MEASURE OF DAMAGES. On an appeal from the award of a jury for damages for right of way, where the question was much longer than necessary, but asked, in substance, how much less the land was worth after than before the appropriation, excluding benefits, *held* not erroneous.

4. **Practice in the Supreme Court:** ERROR WHICH MIGHT HAVE BEEN CORRECTED BELOW. Where it appeared on cross-examination that a witness, on the examination in chief, took into consideration improper matters in estimating damages, defendant should have moved the court to strike out the objectionable evidence before asking this court to correct the error.

5. **Railroad:** RIGHT OF WAY: MEASURE OF DAMAGES. In estimating the damages which the owner of land should recover on account of the appropriation of a portion thereof for right of way for a railroad, the benefits caused to the land by drainage from the building of the railroad cannot be considered. Section 18, Article 1, of the Constitution excludes the consideration of *all* advantages that may result to the owner on account of the improvement.

*Appeal from Warren Circuit Court.*

THURSDAY, OCTOBER 19.

THE defendant instituted proceedings to condemn a strip of land seventy-five feet wide as right of way for its road over certain real estate belonging to the plaintiffs. From the award of the sheriff's jury the plaintiffs appealed to the Circuit Court, where there was a trial by jury, verdict for the plaintiffs, and judgment as provided by statute. The defendant appeals.

*Seevers & Samson,* for appellant.

*Henderson & Berry,* for appellees.

SEEVERS, CH. J.—I.   John Felton and others filed a petition in the Circuit Court stating they were the real parties in interest, because they had obligated themselves to procure the right of way for the defendant, and they moved the court to substitute them as defendants, to the end that they might make defense to plaintiff's claim.

This motion and petition was striken from the files.   This ruling is assigned as error, and section 2683 of the Code is relied on.   That section recognizes the right of any one interested in the subject-matter involved in the action to "unite with the defendant in resisting the claim of the plaintiff." Possibly, under the showing made, Felton and others were entitled to such relief, if they had asked it.   This they did not do, but went much farther, and asked to be substituted as defendants to the action.   This could only be done by striking out the present defendant.   The effect of this would have been to compel the plaintiff to look to Felton and others for the satisfaction of any judgment that might be obtained. For this there is no warrant in the statute, and the court did not err in the respect named.

II.   During the trial, counsel for the plaintiff propounded certain questions to witnesses introduced by them.   To such questions objections were made.   The court did not either sustain or overrule such objections, but stated to counsel what the court regarded as the correct question or inquiry, and, at another time, after the witness had commenced answering a question, the court interposed and stated to the witness the matter which could properly be taken into consideration in answering the question.

It is not objected the court erred as to the law of the case in making the suggestions, but it is said the "instructions and modifications undertaken by the court tended to mislead and confuse the witness, and indicated to the jury, who sat as at-

tentive observers, a favoring of one of the parties to the litigation." In this we cannot concur. On the contrary, we think the court is something more than a mere figure head, and that it is the duty of the court to earnestly and intelligently, with due regard to the rights of the parties, press the trial of a cause to as speedy a conclusion as possible. To this end, it is right and proper for the court, when objections are made to questions asked a witness, to state what the court deems is the proper course to be taken. Nor is it improper for the court on its own motion to indicate to a witness what matters should be considered in answering a question. The court is not bound to sustain or overrule an objection asked a witness, without a reason; and substantially all the court did was to state his views as to what was the proper course to be taken. We cannot say that anything said by the court was improper, and do not believe the defendant was thereby prejudiced in the mind of any juror.

III. Counsel for the plaintiffs asked several witnesses the following question:

"State to the court what, in your opinion, is the difference in value of Mr. and Mrs. Britton's land as it was before the location and construction of the line of railroad through it, and as it is since the location and construction of this line of railroad through the land, taking into consideration the fact that the railroad has taken and used for its own, a strip of ground seventy-five feet in width from the point where it enters the farm to where it leaves the farm of Mr. and Mrs. Britton, without considering the benefit which may accrue to Mr. and Mrs. Britton by reason of the construction of the road in the community; basing your opinion of the difference in value, if there is any difference, upon the damage caused by the appropriation of the land and the construction of the road-bed of the railroad company through the farm."

It is said this question is erroneous, because the true inquiry is "what was the fair marketable value of this property, over which the defendant appropriated its right of way, im-

mediately prior to such appropriation, then how much was such value reduced by such appropriation." We think the question asked was caculated to elicit just such evidence as that indicated by counsel as being proper. The question is much longer than was necessary, but in substance the witnesses were asked how much less the land was worth after than before the appropriation, excluding benefits. It is said that one witness, at least, took improper matters into consideration in estimating the damages, when answering the foregoing question. Conceding this to be so, such fact appeared or was shown on cross-examination of the witness, and no motion was made to strike out the evidence because of the fact so elicited. We cannot correct the wrong, conceding there was one, because the court below was not asked to do so.

IV. The plaintiff asked a witness the following question: "State what effect the construction of the grade of this railroad through this land has upon that portion which is low and sometimes wet—whether or not it injures it." An objection to this question was overruled, and the witness answered: "I think it had a tendency to back water upon it." If we understand counsel, it is claimed the question and answer are objectionable, because the tendency of the evidence was to permit a recovery because of the faulty construction of the road. We do not think any such thought is contained in either the question or answer. If because of the construction of the road the land was made more wet than it otherwise would have been, this fact should be considered in estimating damages, and this was all the plaintiffs sought to prove. As they did not seek to show they were damaged because of the improper construction of the road, the court properly refused to permit the defendant to interrogate witnesses in relation thereto. If it appeared on cross-examination that any of the witnesses based their estimate of damages wholly or partially on the improper construction of the road, the defendant, on the theory on which the case was

tried, should have moved the court to strike out such evidence before we can be asked to correct the error, if it was one.

V. In the fifth paragraph of the charge the court, in substance, instructed the jury that all benefits should be excluded in estimating the damages, including drainage, caused by the construction of the road, and that evidence touching the drainage had been admitted as tending to show the quality of the land, and not for the purpose of showing it had been benefited by the construction of the road. This instruction is objected to, and it is said the benefits that are not to be considered are the conveniences and advantages resulting from the construction of the road, and that the damages should be based on the market value of the land before and after construction. The argument, therefore, is, that if the value of the land has been increased by the construction of the road, this should be considered and the damages reduced because of such fact. It seems to us this argument is not sound, because section 18 of Article 1 of the Constitution provides that the jury "shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken." This includes all benefits and advantages— none are excluded. We think the instruction correct.

It is said the verdict is not sustained by the evidence, but we think it is.

AFFIRMED.