McCLEAN v. THE CHICAGO, IOWA & DAKOTA R'Y CO.

1. **Railroads:** DAMAGES FOR RIGHT OF WAY: EVIDENCE ON APPEAL FROM AWARD: OPINION OF OWNER AS TO USE OF PROPERTY. Where the owner of land taken for railway purposes had testified to the value of the tract before and after the right of way had been appropriated, it was proper to allow him to show the basis of his estimate by testifying further that the property, before the appropriation, was adapted to residence purposes, but that it was not so adapted afterwards.

2. ———: ———: ROAD-BED PARTLY IN STREET AND PARTLY ON PLAINTIFF'S LAND. Where the bed of defendant's railway was partly on plaintiff's land, and partly on the city street adjacent to the land, plaintiff was entitled, in the proceeding to assess his damages, to be compensated, not only for the appropriation of the portion of his land taken for the right of way, but also for the injury he would sustain on account of the laying down of the railroad track in the street on which his property abutted—under Code, § 464.

3. ———: ———: CONFLICTING EVIDENCE: VERDICT NOT DISTURBED.

Since the evidence was conflicting as to the amount of plaintiff's damages, the verdict cannot be disturbed on appeal on the ground that the award was excessive.

4. **Instructions**: REPETITION NOT NECESSARY. It is not error to refuse to give instructions asked when the points thereof are fully covered by instructions given.

*Appeal from Cerro Gordo Circuit Court.*

SATURDAY, DECEMBER 12.

DEFENDANT instituted a proceeding for the condemnation of a right of way for its railway across certain lots in the town of Eldora, Hardin county, belonging to plaintiff. An appeal was taken from the award of damages made by the commissioners appointed by the sheriff. Afterwards a change of the place of trial was taken, and the case was sent to the circuit court of Cerro Gordo county. It was there tried to a jury, who assessed plaintiff's damages on account of the appropriation of said right of way at $300. Defendant appeals.

*John Porter* and *C. E. Albrook*, for appellant.

*Taylor & Evans*, for appellee.

REED, J.—I. Plaintiff is the owner of a block of ground in Eldora, and defendant has appropriated a strip along one side,

1. RAILROADS: damages for right of way: evidence on appeal from award: opinion of owner as to use of property.

next to the street which bounds it on that side. The road-bed, as constructed, is partly on the street and partly on plaintiff's ground. The block is unimproved, and is situated in a part of the town which is not much improved. Plaintiff was examined as a witness in his own behalf, and was permitted, against defendant's objection, to testify that, before the appropriation by defendant of the right of way, the ground was well adapted to residence purposes, and that its adaptability to that use gave it its principal value, and that after defendant had appropriated the right of way it was no longer adapted to that use.

The objection urged against the admission of this testimony was that it was not the statement of any fact known to the witness, but was the expression merely of the conclusion or opinion which he had formed from the facts.  If the testimony had been offered for the purpose of affording a basis for an estimate by the jury of the damages which plaintiff sustained in consequence of the appropriation of the right of way, there might be force in the objection.  But it was not offered for that purpose.  The witness was examined with reference to the value of the property before and after the appropriation, and he expressed the opinion that its value before the appropriation was $750, and that after the right of way was taken it was worth not more than $50.  The evidence was offered for the purpose of showing the ground of this opinion, and we think it was competent for that purpose.  *Pelamourges v. Clark*, 9 Iowa, 1; *State v. Stickley*, 41 Id., 232.

II.   The defendant asked the court to instruct the jury that plaintiff was not entitled to recover on account of the

2. ——: ——: occupancy by it of the street on which his property abutted, unless he was specially damaged

road-bed partly in street and partly on plaintiff's land.

thereby, and that the law affords him no remedy for such damages as he sustains in common with the members of the public generally on account of such occupancy of the street.  The court added the following clause to the instruction, and with that modification gave it to the jury:   "But if you should find that the occupation of the street by defendant for right of way purposes depreciated the value of plaintiff's property, then the depreciation of the value of the property from this cause would constitute such special or individual damage as to entitle him to recover the same."   Defendant assigns the giving of this clause as error.

The town council had given defendant authority to occupy the street with its track.   Under section 464 of the Code, the council has the power to authorize an appropriation of the street to such use.   But the section further provides that no

railway track shall be laid on the street until after the injury which the abutting property will sustain has been ascertained and compensated in the manner provided by statute for taking private property for works of internal improvement. The condemnation proceedings were instituted by the railway company, and under this provision it is clear, we think, that plaintiff is entitled in this proceeding to be compensated in damages for the injury which he will sustain on account both of the laying down of the railroad track in the street on which his property abuts, and the appropriation of the portion of his land which has been taken for right of way purposes. Counsel for appellant do not deny this. Their position, however, is that the mere depreciation of the value of the property caused by the laying down of the track in the street is not an injury for which the statute affords a remedy; that such depreciation of value is occasioned by the construction of the road near the property, and the injury resulting therefrom is shared alike by all persons owning property in proximity to the road.

But this position is not sound. It is a well-known fact that the construction of a railway upon a street has, as a rule, a much more injurious effect on property abutting on the street than upon other adjacent property. It is to some extent a diversion of the street from its former use, and it necessarily interferes with the use and enjoyment of the property, and impairs its value. The owner of the abutting property sustains an injury from the appropriation of the street to such use which is quite distinct from that sustained by the owners of other adjacent property, and the object of the statute is to afford him a remedy for such injury. The instruction complained of limits plaintiff's right of recovery to such sum as will compensate him for the injury which he will sustain in the depreciation of the value of the property caused by the construction of the railroad in the street. We are clearly of the opinion that it is right.

III. Defendant insists that the damages awarded are

excessive, and that a new trial should have been granted on that ground. We deem it sufficient to say that there was a conflict in the evidence as to the value of the property before and after the appropriation of the right of way, and that the award of the jury is sustained by the testimony of a number of witnesses. We cannot disturb the verdict on this ground.

**3. ——: ——: conflicting evidence: verdict not disturbed.**

IV. Complaint is also made of the action of the court in refusing to give certain instructions asked by defendant. But the points covered by these instructions are fully covered by those given by the court on its own motion.

**4. INSTRUCTIONS: repetition not necessary.**

AFFIRMED.