HON. JOSEPH R. REED,
HON. JAMES H. ROTHROCK,    } JUSTICES.
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,

BELL v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

1. **Railroads** : RIGHT OF WAY: DAMAGES : EVIDENCE. In an action for the recovery of damages for right of way taken by a railroad company, all evidence is admissible which tends to show the jury the true condition of the land, and all its surroundings which affect the value and convenience of its use, and how such value and convenience are affected by the condemnation for right of way. ( See opinion for illustrations.)

( 343 )

2. —— : —— : INSTRUCTION. In such case, where the court instructed the jury that they should not consider the amount allowed to plaintiff by the sheriff's jury, *naming the sum*, *held* that, if there was any error in naming the sum, it was one not prejudicial to defendant.

3. —— : —— : EVIDENCE : RIGHT TO UNDER-CROSSING. In such case, the fact that plaintiff had always crossed from one part of his land to the other beneath defendant's trestle-work, tended to show a right so to cross, so that such right was properly recognized in instructions submitted to the jury.

4. —— : —— : RIGHT TO CROSSING. In estimating the damages in such case, the right of the land-owner to a crossing from one part of his land to the other should be considered.

5. **Instructions**: AS TO MATTERS NOT DISPUTED. It is not error to fail to instruct the jury as to a matter about which there is no dispute and as to which the jurors can have no doubt.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, MAY 8, 1888.

*Ad quod damnum* proceedings to condemn lands to be used by the defendant as a turn-out or derailing track. The sheriff's jury allowed the plaintiff one hundred and forty-five dollars. On appeal a judgment upon a verdict for plaintiff for $632.50 was had. Defendant now appeals to this court.

*T. B. Perry*, for appellant.

*A. C. Steck*, for appellee.

BECK, J.—Upon the land in question defendant has constructed a derailing track, upon which trains are run when necessary to prevent collisions. It leaves the main track of defendant's road upon a curve, and, after its direct course is attained, it is nearly at right angles therewith. It is seventeen hundred and forty feet long, measured from the main track by the curve. The lands of plaintiff are situated upon the bank of the Des Moines river, which defendant's road crosses on a single-track bridge. On both sides of the river there

is a double track, which creates the necessity for the derailing track. Immediately below or south of the bridge a creek enters the river, along which, for no great distance, the railroad is built. The defendant of course acquired the right of way for its main track. It also has acquired a right of way for the construction of a channel for the creek, which, as near as we can determine, is eight hundred or nine hundred feet long where the derailing track crosses it. The land condemned for the derailing track is eight hundred feet long, and one hundred feet wide. The abstract does not show clearly the width of the land occupied by the right of way for the channel of the creek. It is not important that it be accurately stated. The railroad track, before reaching the bridge, passes over trestle-work, and the. derailing track, in passing over the channel of the creek, is upon the same kind of work. The embankment and trestle-work on the main line are about fifteen feet high, but on the derailing track they are not of that height. The plaintiff owns land on both sides of the railroad. The derailing track passes no great distance from the river bank, and is between the main body of plaintiff's land on that side of the railroad and the river. The only way of crossing is under these tracks, through the trestle-work ; the right of way of the main track, and the right of way for the channel of the creek being fenced, the fence of the last running to the trestle-work over which the road runs. The derailing track is not fenced. The defendant, before the trial, filed in the case a paper declaring that the right of way of the derailing track shall not be fenced, and that by this declaration it shall be bound in the future, but in the same paper denies plaintiff's right to a crossing over or under the tracks of its main line, or over the grounds · condemned for the channel of the creek.

I. Evidence was admitted, against defendant's objection, tending to show that defendant maintained a

1. RAILROADS : fence on the south side of the creek
right of way : channel, and on the north side of the right
damages :
evidence. of way of the main line, and that land

situated as plaintiff's, and subject to overflow, is under cultivation; and other evidence tending to show the value of the strip of land between the derailing track and the river. Separate objections are made to this evidence on the ground of immateriality. We think it was all rightly admitted. It served to disclose the true condition and value of the premises in question, and the extent to which they would be affected by the condemnation. The connection of plaintiff's lands by crossings surely would affect the value of their use, and thus tend to show the diminution of their value, if any, by the condemnation. It was important that the jury should fully understand these things, as well as every surrounding circumstance and matter connected with the use and value of the land.

II. A witness for plaintiff in his cross-examination answered a question, argumentative in its form and substance, in a manner which counsel for defendant claimed was not responsive, and for that reason moved to strike out the answer. The question was not only argumentative, but was not direct. The answer was apt, and really answered the question by asking another—no uncommon manner of colloquial argument. The motion to strike out the answer was rightly overruled.

III. Many other objections to rulings admitting evidence of like character of the foregoing are complained of. The evidence in each case tended to show the jury the true condition of the land, and all its surroundings which affect the value and convenience of its use. We may say, generally, that they are correct. No useful purpose can be gained by further notice of the objections to them.

IV. The court in instructions directed the jury that they were not permitted to consider the amount

2. ——:——:    allowed to the plaintiff by the sheriff's instruction.    jury, naming the sum. There was no error in this, surely none prejudicial to defendant. Counsel does not claim that the finding by the sheriff's jury should be considered, but thinks the amount thereof

should not have been stated.   If the statement had any effect at all, it surely was not prejudicial to defendant.

V.   An instruction directs the jury that, if they find that plaintiff had no right to a passage-way over the land occupied by the railroad tracks, he is not entitled to damage for being deprived thereof.   Counsel .thinks that the court should have directed the jury that no proof had been introduced sustaining such right.   We are unable to say that this is the .fact.   It appears that, probably ever since the road was built, plaintiff did cross the railroad under the trestle-work.   Such passage-way being left open by defendant, surely plaintiff would have the right to use it while open.   If the right was subject to defendant's will, the instruction plainly directs that no claim can be based thereon.   We think the instruction is correct.   These considerations dispose of same objections to another instruction, the eighth.

*3. ——:——: evidence: right to under-crossing.*

VI.   Another instruction, the seventh, is admitted to be correct, but is claimed not to be applicable to the facts proved.   We think differently.   It directs the jury that plaintiff has the right, under the laws of the state, to an adequate crossing, and if defendant should close the passage-way under the trestle it must provide another lawful crossing.   This instruction was surely applicable to the facts in view of any claim on plaintiff's part for damages on account of the crossing.   It is, in fact, favorable to defendant.

*THE SAME.*

VII.   In the eighth instruction the jury are directed that the right plaintiff had to a passage-way across the railroad tracks, or to procure such passage, should be considered in estimating the fair market value of the land before and after the condemnation, with a view to determine the damages. This right of course pertained to the.land, and affected its value.   The instruction is not erroneous, and in our opinion could not have been prejudicial to defendant.

*4. ——:——: right to crossing.*

VIII.   Counsel thinks that the court should have informed the jury for what purpose the derailing

5. INSTRUCTIONS: as to matters not disputed. track was used. This was made plain by the evidence, and could not have been a matter of dispute or doubt in the minds of the jury.

IX. A number of instructions were asked by defendant, and refused. They can hardly be said to be argued by counsel, who, in his brief, in most instances, contents himself to state their substance. Some of them are but repetitions of matters found in instructions given by the court. Others present matters that it was not necessary to give to the jury. We think further notice of them is not required, and that the court did not err in refusing them.

Counsel do not in argument question the sufficiency of the evidence to support the verdict. The judgment of the district court is

