## G. L. SMITH v. PENNA. S. V. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF BERKS COUNTY.

Argued March 3, 1891—Decided March 23, 1891.

(*a*) In an issue to determine the damages to land occasioned by the construction of a railroad, the claimant was an assistant assessor in the triennial assessment for taxes for the year in which the railroad was located. In said assessment, the land was valued at $5,301; while the damages claimed were $23,000:

1. The assessment, showing the valuation for taxes, was admissible as evidence of much weight, but it did not operate as an estoppel in favor of the company; it was not error, therefore, to permit the claimant to testify that he took no part in the assessment, and that it was much lower than the real value of the land.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 105 January Term 1891, Sup. Ct.; court below, No. 75 December Term 1889, C. P.

Charge of Court below.

On December 10, 1889, George L. Smith filed his petition for the appointment of viewers to assess damages to his land in Union township, arising from the construction of the defendant company's railroad.   Viewers appointed awarded to the petitioner $4,450 damages ; and, on February 4, 1890, the defendant company appealed from the award, and an issue was formed wherein the petitioner was plaintiff and the railroad company defendant.

At the trial, on October 21, 1890, it was shown that the company entered upon the plaintiff's land for the location and construction of its road on December 15, 1883.   The plaintiff testified that, in his judgment, the tract of land in controversy would have brought in the market, immediately before the railroad was located, from $20,000 to $23,000, and that his damages incurred thereby were about $10,555.   In the defendant's case, it was shown that the plaintiff was one of the assistant assessors for the township, in the triennial assessment of 1882.   The assessment book for that year was not found, but in that for 1883, under the same assessment, the land was assessed at $5,301.   In the plaintiff's rebuttal, the plaintiff was recalled :

By Mr. Bland : Q. The defendant has offered in evidence the triennial assessment in 1883.   State whether or not you took part in the assessment of your own property.

Mr. Derr : Objected to, because it was the plaintiff's duty to take part in the assessment of all the properties.   His oath bound him to do it, and he is not to be heard to allege the contrary in a court of justice ; it is incompetent and irrelevant generally.

By the court : Objection overruled ; exception.[1]

A. When we got to my property I told the assessor to assess it.   I did not take part ; I left it to the other two ; I left it to the other assistant and the assessor, and we did the same thing when we got to his property, the assessor's property ; the two assistants assessed it.   When we got to the other assistant's property, the assessor and I assessed it.

At the close of the testimony, the court, ERMENTROUT, P. J., instructed the jury in part as follows :

The defendant has presented several points upon which he asks us to charge you.   He asks us to charge you, first :

Charge of Court below.

1. The plaintiff having been an assistant assessor of Union township, and having, as such assessor, on the first day of December, 1882, taken the oath of office, which contained a declaration that he would, among other things, justly and honestly and to the best of his judgment assess and value every separate lot, piece, or tract of land with the improvements thereon, within the said township, at the rate or price which he should after the examination believe the same would sell for, if sold singly or separately at a bona fide sale after full public notice, if the jury believe that as such assistant assessor the said plaintiff joined with the other assessors in, or assented to an assessment of the property in question at the sum of $5,301, thus making that sum the basis of taxation, the plaintiff is estopped from alleging or contending, in this proceeding, that the said property was at the time of the said assessment worth more than the said sum of $5,301; and if the jury believe that the said land at the time of the location of the defendant's railroad was not worth more than it was at the time of the said assessment, then in the estimation of the plaintiff's damages they must assume that the property in question was before the location of the said railroad worth only $5,301, being the amount of the said assessment.

Answer: This point we decline to affirm.[2]

2. The assessment of the property in question for taxation by the assessors of whom the plaintiff was one, pursuant to the oath taken December 1, 1882, is, if the plaintiff participated in or assented to such assessment, to be regarded by the jury as strong evidence of the value of the plaintiff's land at the time of the making of such assessment.

Answer: This point we decline to affirm. The question of strength of evidence is not for the court; it is for the jury. So far as this question of assessment is concerned, the amount of the assessment is in evidence, and will be considered like any other testimony, for what it is worth. The jury will recollect that the testimony in this case is, that when they came to assess this particular property, Mr. Smith did not participate in it, but that the assessment was made by the other assessors, one of whom testified here on the stand that this property was worth considerably more than the assessment, giving you the figure which, in his opinion, it was worth, about $8,300. He

Opinion of the Court.

was a witness for the defendant. We, therefore, decline to charge you as requested in the first and second points upon the question of assessment.

8. The jury are not bound to consider the unreasonable estimates of witnesses. They are not bound by what any witness says; but are to gather from the whole testimony what is the difference in the market value before and after the construction of the railroad, as affected thereby. The jurors' own observations, they having been taken upon the ground, are just as good as those of any of the witnesses; and, whilst they are not to disregard the testimony produced on the trial, they are nevertheless not required to repudiate the evidence of their own senses.

Answer: This point we affirm. We also instruct the jury, whilst upon this point, that it was never intended that the view of the jury should be substituted for the evidence, and that they should make up their view in disregard thereof. The object of the view is to enable the jury the better to understand the testimony, and, aided by the testimony of what they see on the ground, its situation, nature, and character, to arrive at a just conclusion as to the amount of "just compensation" which the law requires in cases of this character.*

—The jury returned a verdict for the plaintiff for $3,700. Judgment having been entered, the defendant took this appeal assigning for error:

1. The admission of plaintiff's offer.[1]
2. The answer to the defendant's point.[2]

Mr. Cyrus G. Derr, for the appellant.

Counsel cited: Broom's Maxims, *130–175; King v. Clarke, 8 Term R. 220.

Mr. H. Willis Bland, for the appellee, was not heard.

On the question of estoppel, the brief filed cited: Longwell v. Bentley, 3 Gr. 178; 1 Herman on Estoppel, 14.

PER CURIAM:

The plaintiff was assistant assessor of Union township, Berks

---

* See Flower v. Railroad Co., 132 Pa. 524.

county.   For the triennial assessment, as returned and filed in the commissioner's office by the assessor and his assistants, the plaintiff's farm was valued at $5,301.   Upon the trial below he swore that it was worth $23,000, and that the building of the railroad had damaged it to the extent of $10,555.   These figures are certainly suggestive.

When confronted with the assessment, the plaintiff was permitted to testify, against objection, that he took no part in the assessment of his own property.   Without repeating the testimony, it was stated that neither of the three assessors participated in the assessment of his own property, but in each instance left it to the other two assessors.   We do not think it was error to admit this evidence.   See first assignment.

The defendant's first point called upon the court to instruct the jury that, if the plaintiff had joined with the assessors in, or assented to, an assessment of the property at $5,301, he was estopped from asserting in this proceeding that the property was worth more than that sum.   This instruction was refused by the court.   See second assignment.   We cannot say this refusal was error.   It was evidence, and such evidence as should have had great weight with the jury, upon the question of values.   It does not amount to an estoppel.   The defendant company was not misled; it did nothing upon the faith of the assessment, or by reason of it.   We cannot assume that it had anything to do with the location of the road.   Aside from this, the plaintiff was not concluded by what the other assessors did in regard to his property.   It is at least possible they did not assess each other at a very high figure, but there is no evidence that this particular farm was assessed lower than other similar properties in the same neighborhood; and it is equally possible the plaintiff did not discover how exceedingly valuable his property was until a railroad had been located upon it.

Judgment affirmed.