D. A. HAGGARD v. INDEPENDENT SCHOOL DISTRICT OF
ALGONA, APPELLANT.

**Condemnation for School Purposes:**    MEASURE OF DAMAGES.    Constitution, Art. 1, section 18, requires that, when private property is taken for public use, just compensation shall be made therefor; and Code, section 2815, that on the taking of land for school purposes the damages shall be assessed, as near as may be, on the basis of the value of the real estate appropriatel. *Held*, that, on an award of damages for the appropriation of half a lot for school purposes, the other half being occupied by the owner's dwelling, the damages are not limited to the value of the land taken, but may include the damage to the entire premises, if occupied as a whole.

SAME.    Where half of a lot is condemned for school purposes, the fact that it is separated from the other half by an alley does not prevent the owner being entitled to damages not only for the value of the land taken, but for the injury to the entire lot, if occupied as a whole.

*Jury Question.*    Where the two halves of a lot are separated by an alley, one half being used for residence purposes, on the condemnation of the other half for school purposes, the question whether the premises are so owned and used, together with the damages to be allowed, not only for the value of the land taken, but for any damages accruing to the whole tract. is a question for the jury.

*Harmless Error.*    The failure to submit to a jury will not warrant reversal when no different result may be anticipated under the evidence, had a jury acted.

*Consequential Damages.*    Under Code, section 2815, declaring that, on the condemnation of land for school purposes, damages sustained shall be as near as may be on the basis of the value of the real estate appropriated, on condemnation of land for the erection of a school house, the land being taken next to the owner's residence, the owner is entitled to damages for consequential injuries to the proximity of the improvement.

SAME.    Where half of a lot is condemned for the purpose of erecting a school house thereon, in assessing damages for such taking, the advantages resulting from the proximity of a school building may not be considered.

*Evidence.* Where a half of a lot is condemned for school purposes, on appeal to the district court from the award of damages, it was proper to allow a witness, in proceedings for determining the damages, to be asked what the value of the half lot in question would be worth to the rest of the owner's property.

*Harmless Admission.* Where, on appeal to the district court from an award of damages on the condemnation of land for the erection of a school house, a witness testified as to what his property in the neighborhood sold for, and was then allowed to state, over the objection of the school district, the value of the improvements on such property, there was no prejudice to the district; what he had stated as the value of the lot and the value of the improvements separately corresponding substantially to what he had testified to as to what he sold it for.

*Harmless Exclusion of Evidence.* Where, on appeal from an award of damages on the condemnation of land for school purposes, complaint was made of the exclusion of the valuation of the property as shown by the return thereof made by the owner to the assessor, but the record did not show what value the owner put on the property in his return, the exclusion cannot be regarded as error.

*Appeal From Condemnation for School Purposes:* NOTICE HELD GOOD. Where, on appeal to the district court from an award of damages in proceedings to condemn lands for school purposes, the notice of appeal was properly entitled, making the school district defendant, was addressed, "to said defendant," while also naming the president of the board and county superintendent, and served on the president, an objection that the notice was insufficient because not directed to or served on the school district, was not well taken, since the recital of the president's name should be treated as mere supplusage, and by Code, section 3531, an original notice in an action against a school district may be served on the president.

SAME: *County superintendent and sheriff.* Code, section 2815, declares that proceedings for the condemnation of land for school purposes are to be instituted before the county superintendent, and that from an estimate of damages by him an appeal may be taken by giving notice thereof as in case of taking private property for works of internal improvements. Section 1999 provides that on a condemnation of private property for works of internal improvement the sheriff shall appoint freeholders to assess the damages sustained, and make report to him, and a subsequent section declares that an appeal notice shall be served on the sheriff. *Held,* that since, under section 1999, the notice of appeal is to be served on the officer before whom the

proceedings are conducted, it is proper, on appeal to the district court from the award of damages on condemnation of land for school purposes, to serve the notice of appeal on the county school superintendent instead of on the sheriff.

Judgment on appeal: *Not allowed on assessment by jury.* On appeal to the district court from an award of damages on proceedings to condemn land for school purposes, it was error to render judgment against the school district for the amount of damages allowed on appeal. The district had the right to abandon the improvement and decline to pay the amount assessed.

*Appeal from Kossuth District Court.*—Hon. W. B. Quarton, Judge.

Friday, April 12, 1901.

Plaintiff appealed to the district court from the award of damages in a proceeding to condemn for school purposes a part of a lot owned and used by him in connection with another lot occupied as his residence. The district court increased the allowance of damages from $250 to $350, and the defendant appeals.— *Modified.*

*Sullivan & McMahon, E. V. Swetting,* and *E. A. Morling* for appellant.

*Clarke & Cohenour* for appellee.

McClain, J.—I. The notice of appeal to the district court was properly entitled, but was addressed, "To Said Defendant, E. B. Butler, President of the Board of Directors of Said Independent School District of Algona, Kossuth County, Iowa, and F. Van Erdewyk, County Superintendent of Kossuth County, Iowa," and the service was as follows: "Service accepted October 8, 1898. E. B. Butler, President Board of Directors Independent School District, Algona, Iowa. Frank Van Erdewyk, County Superintendent, Kossuth County, Iowa." Appellant insists that for two reasons this notice was not sufficient: First, because it was not directed to and served upon the independ-

ent school district; and, second, because it was served upon the county superintendent instead of the sheriff of the county. As to the first of these objections, we think it is not well taken. The view of the appellant seems to be that the notice was directed to the president of the board of directors, and was served upon him. But the title of the case, as given in the notice showed that the independent school district alone was defendant. The recital of the name of the president in the direction part of the notice was surplusage, and may be disregarded. Omitting these words, the notice is directed, "To Said Defendant," and the notice thus directed was served upon "E. B. Butler, President," etc. By statute, an original notice in an action against an independent school district may be serced on the president. Code, section 3531. It is immaterial that the president was individually named in the direction part of the notice. The material facts are that the notice was directed to the independant district and service was made on the president thereof. This is sufficient.

2     With reference to the second objection, it is to be noticed that the proceeding for condemnation of land for school purposes is to be instituted before the county superintendent, and that from the assessment made in the proceeding before him "each party may appeal to the district court by giving notice therof as in case of taking private property for works of internal improvement." Code, section 2815. The provision with reference to the proceeding to condemn private property for works of internal improvement is that the sheriff of the county shall, upon written application, appoint six freeholders, etc., who shall assess the damages to be sustained, and make report in writing to the sheriff. Code, section 1999. Therefore the provision as to taking property for school purposes differs from that as to taking property for internal improvements in that in one case the proceeding is instituted before the county superintendent, while in the other case it is instituted before the sheriff. Now, the appeal is to be taken as we have said, "by giving notice thereof as in the case of taking private property for works of internal

improvement,"—that is, in the same manner; and we hold that to serve the notice on the county superintendent in the one case is equivalent to serving it on the sheriff in the other. It would be absurd to serve the notice on the sheriff, when the sheriff has had nothing whatever to do with the matter, and equally absurd to give no notice to the county superintendent, when he is the officer before whom the proceedings have to be conducted. While statutes are to be constued according to their language, yet the language is to be given a reasonable interpretation; and it seems to us that serving the notice on the county superintendent is in accordance with the direction that the appeal in school condemnation cases shall be taken in the same manner as is provided when service on the sheriff is required in proceedings to condemn for works of internal improvement. Therefore the objections of appellent with reference to notice of appeal to the district court are unfounded.

II.    Appellant excepted to the testimony of witnesses with reference to the annoyance or other inconvenience which might result from the establishing of a school house, with the effect of depreciating the value of appellee's property, and contends that the location of a school building on property adjoining that of appellee used for a residence is not a matter which can be taken into account in estimating appellee's damages; and in the same connection appellant objects to an instruction given by the court to the effect that "the jury should consider not only the loss of the land and improvements actually taken, but the condition in which the premises are left after the appropriation, and every inconvenience naturally resulting from such appropriation by which the market value of the premises was unfavorably affected;" and, further, that they should "take into consideration the natural and probable effect of the use for which the property was condemned," and "in what way the taking of the property for school purposes will inconvenience the plaintiff in the use of the remainder of his property or lessen its value." The jurors were also instructed to de-

termine appellee's damages as indicated by "the difference between the fair market value of the whole tract as above described immediately before the appraisement and appropriation of" the part of a lot in question and "the fair market value of the remaining portions * * * immediately after the appraisement and appropriation" of such part lot, and that they were "to ascertain from the evidence the damages which the plaintiff will sustain in consequence of this appropriation of a part of his property." With reference to these rulings and instructions the appellant complains that the jurors were improperly authorized to consider the damages to the entire premises owned and occupied by appellee, and that they were also authorized to take into account damages to the entire premises due to the erection and maintenance of a school house on adjoining premises comprised in part of the portion of a lot taken from him. In order to understand more clearly the question involved, it is proper to state that appellee was the owner, when these proceedings were instituted, of the southeast corner lot of block 84 in Algona, and also of the south half of the northeast corner lot, and the south half of the lot next west of the northeast corner lot of that block, and that the house occupied by him as a residence was situated on the southeast corner lot, while his barn, chicken house, and other improvements were on the two south half lots to the north, separated by an alley from the lot on which the house is situated. The proceeding as instituted was to condemn for school purposes the west one of these two half lots, which in connection with the remainder of block 84, is to be used as a site for a school house. The trial court correctly held that the damage occasioned to appellee by the appropriation of this half lot was not to be limited to the value of the land taken, but might include the damage to the entire premises of appellee, owned and occupied by him together as his residence. This is in accordance with the well-settled doctrine in regard to measure of damages in case of appropriation of

a part of an entire tract for railroad right of way. *Doud v. Railway Co,* 76 Iowa, 438; *Cox v. Railway Co.,* 77 Iowa, 20. The fact that the two half lots are separated by an alley from the lot on which appellee's house is situated is immaterial. In right of way cases it is well settled that damage to the entire premises occupied together for one purpose may be considered, although portions of the premises which are thus occupied together are separated by streets or highways. *Renwick v. Railroad Co.,* 49 Iowa, 664, 672; *Ham v. Railway Co.,* 61 Iowa, 716. While it is true that the question as to whether the premises described are actually owned and used together as one tract is for the jury (*Ellsworth v. Railway Co.,* 91 Iowa, 386), yet, as there was no conflict in the evidence on this point, we do not think there was reversible error in assuming the fact and instructing the jury accordingly. It may be that it would have been proper to submit the question to the jury, inasmuch as the burden was on appellee to establish the fact; but we will not reverse for failure to do so, as no other result could be anticipated under the evidence. *Land Co. v. Hillis,* 76 Iowa, 246; *Newell v. Martin,* 81 Iowa, 238.

III. It is proper here to consider the claim of appellant that the rule as to estimation of compensation for land taken for school purposes is different from that prescribed where land is to be taken for railroad right of way. The statutory language in the two cases is not exactly the same. In the case of taking for right of way, the commissioners are directed to "assess the damages which said owner will sustain by the appropriation of his land for the use of said corporation" (Code, section 1999), while the referees appointed in case of land taken for a school house site are directed to "fix the damages sustained as near as may be on the basis of the value of the real estate so appropriated" (Code, section 2815). But there is no difference in meaning between these two provisions. It is evidently intended in each case to provide for the assessment of "just compensation," which by the

constitution is required to be made where private property is taken for public use. Constitution, article 1, section 18. The rules which we have above considered with reference to compensation for railroad right of way have been held applicable in determining the assessment of the value of land taken for municipal purposes. *Bennett v. City of Marion,* 106 Iowa, 628.

IV. We are prepared now to consider the most difficult question involved in this proceeding, which is the right of appellee to consequential injury to his entire premises due to the taking of a portion of such premises as a part of the site for a public school building. In rulings on evidence and instructions to the jury, the court below adopted the view that any inconvenience due to the taking of the property for school purposes, and naturally resulting from such appropriation, by which the market value of the premises was unfavorably affected, should be considered in determining appellee's damages. In considering what damages should be allowed where property is taken for public use, there are three possible views: First, that the landowner is entitled only to the value of the land of which he is deprived, and the damage to the remainder of the tract due to that particular portion being separated from the balance, without any compensation to him for injury from a use of the portion taken for purposes which may cause him only the same kind of inconvenience which is suffered by other adjoining property owners whose land is not taken, and who, therefore, would not be entitled to any damages; second, that the landowner is entitled to compensation not only for the taking of his land, but for the use of it for public purposes, even though the use is lawful, if it cause him injury; and third, that the landowner, while not in general entitled, merely because a part of his land is taken, to compensation for inconvenience which he suffers in common with adjoining landowners whose land is not taken, is entitled to recover for depreciation of value of his entire tract

arising from the proximity of the public improvement, so far as is due to proximity secured by means of taking a part of his land, and which would not have resulted but for such taking. The last one of these is perhaps theoretically sound; for it does not give the landowner whose land is taken compensation for the general inconvenience resulting from the public improvement which affects in common all adjoining land owners, while it does give him the damage resulting from the taking of his property. *Lincoln v. Com.*, 164 Mass. 368 (41 N. E. Rep. 489); *Rand v. City of Boston*, 164 Mass. 354 (41 N. E. Rep. 484); *Taft v. Com.*, 158 Mass. 526 (33 N. E. Rep. 1046). But this rule is too difficult of application to be of any practical value. Who can say in this case, for instance, how much the inconvenience due to the proximity of the school building on the balance of this block would be increased by the fact that the half lot in question was included in the school house site? Probably a compensation based on the first view would satisfy the constitutional requirement, but, if the legislature has provided that a more liberal measure of compensation shall be adopted,—one which gives to the man whose property is taken compensation for damages which he actually suffers, although one whose land is not taken must suffer the same injury without compensation,—then the corporation which seeks to take the land must submit. Now, the statutes with reference to taking private property for public use have been uniformly construed in this state as entitling the man whose land is taken to damages beyond a mere compensation for being deprived of his land. He is allowed, in case of condemnation for railway purposes, compensation for depreciation in the value of the remainder of the tract due to the proximity of a railroad operated in the usual and proper manner, and the inconvenience and annoyance resulting therefrom. *Kucheman v. Railway Co.*, 46 Iowa, 360; *Small v. Railroad Co.*, 50 Iowa, 338; *Wilson v. Railway Co.*, 67 Iowa, 509; *McClean v. Railway Co.*, 67 Iowa, 568; *Dreher v. Railroad Co.*, 59 Iowa,

599; *Pingery v. Railway Co.,* 78 Iowa, 438; *Bell v. Railway· Co.,* 74 Iowa, 343. The reason for such a rule is well presented in the case of *Blesch v. Railway Co.,* 48 Wis. 168, 188 (2 N. W. Rep. 113). And see *Shano v. Bridge Co.,* 189 Pa. St. 245 (42 Atl. Rep. 128). We see no reason, therefore, why the inconvenience due to the proximity of a school house, as affecting the market value of appellee's residence property, should not have been taken into account.

V. Appellant contends that, in estimating the elements· of inconvenience, the advantages resulting from the· proximity of a school building should be considered, and that although, by the constitution, advantages to the landowner are not to be taken into account in determining· the amount to be paid to him for the taking of his land, yet that the language of the constitution does not preclude the· consideration of advantages as well as disadvantages in determining the damages to be allowed him by reason of con-sequential injuries due to the proximity of the public im-provement. This court has, however, as we understand it, applied the principle that benefits shall not be taken into, account to all cases where compensation is to be made for taking private property for public use. *Britton v. Railroad Co.,* 59 Iowa, 540; *Frederick v. Shane,* 32 Iowa, 254; *Bland v. Hixenbaugh,* 39 Iowa, 532.

VI. Other assignments of error by appellant must be· briefly noticed. Exception was taken to the· exclusion of the· valuation of the property as shown by the return thereof made by the owner to the assessor. While the as-sessor's valuation may not be shown (*Eherke v. Hecht,* 96 Iowa, 96), it seems that the return of value· made by the property owner to the assessor may be proven as an admission by him. *Railroad Co. v. Smith,* 89 Ala. 305 (7 South. Rep. 634); *Smith v. Railroad Co.* 141 Pa. St. 68 (21 Atl. Rep. 505). But the record does not show what value· appellee put upon the property in his return to the assessor, and therefore it does not appear that any prejudice has re-

sulted from the exclusion of the evidence. Complaint is made of the admission of evidence as to what other property was appraised at in said condemnation proceeding, and as to what the referees took into account in fixing the damage to appellee, but an examination of the record fails to show the errors complained of. The answers of the witnesses seem to have been with reference to their own opinions as to the value of the property, and not with reference to the appraisement made. The ruling sustaining objection to a question propounded to one of defendant's witnesses as to what the half lot in question would be worth to the rest of appellee's property was proper. *Hartley v. Railroad Co.,* 85 Iowa, 455, 466. Another witness testified as to what his property in the neighborhood sold for, and then was allowed to state, over appellant's objection, the value of the improvements on such property. We cannot say that there was any prejudice to appellant, for what he said as to the value of the lot and the value of the improvements separately corresponded substantially to what he had already testified to as to what he sold it for.

VII. The court rendered judgment against appellant for the amount of appellee's damages as assessed by the jury. This was erroneous. *Hartley v. Railway Co.,* 85 Iowa, 455, 460. In this respect the judgment of the lower court should be modified, and the case is remanded for that purpose.—MODIFIED and AFFIRMED.