DANAMERE FARMS, INC., Appellee,

v.

IOWA DEPARTMENT OF
TRANSPORTATION,
Appellant,

and

U.S. West Communications, Inc., City of
Carlisle, Iowa, and Warren County,
Iowa, Defendants.

No. 96–545.

Supreme Court of Iowa.

July 23, 1997.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Mark Hunacek and Carolyn J. Olson, Assistant Attorneys General, Ames, for appellant.

John R. Sandre and Richard O. McConville of Coppola, Sandre & McConville, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

CARTER, Justice.

The appellee, Danamere Farms, Inc. (Danamere), is the owner of 233 acres of property in Warren County located near the City of

Carlisle and along Highway 5, a primary highway. The appellant, Iowa Department of Transportation (IDOT), commenced condemnation proceedings for the taking of 5.75 acres of Danamere's property, which, prior to the taking, contained 233 acres. The county compensation commission awarded $48,000 as Danamere's compensation. Danamere appealed that valuation to the district court, and following a trial in that forum, a jury awarded $188,000 as just compensation for the taking.

IDOT appeals, contending that the district court erred in allowing, over its objection, evidence of an unconsummated transaction for the purchase of another part of Danamere's property four years prior to the disputed taking. IDOT also contends that the court erred in admitting evidence of valuation offered by Danamere based on the value of the property taken rather than a before-and-after valuation of the condemnee's entire property. After considering the arguments presented, we agree with the contention that the evidence of the unconsummated transaction was improperly allowed and sufficiently prejudiced IDOT's position at trial to warrant reversal. We consequently reverse the judgment of the district court and remand the case to that court for further proceedings.

## I. *The Evidence of an Unconsummated Sales Transaction.*

During the trial of Danamere's appeal, it was permitted to offer evidence, over IDOT's objection, concerning an offer that it had received in March 1991 for another portion of its 233-acre tract consisting of approximately two acres. The price offered for this two-acre tract, which was to be purchased for use as a twenty-four-unit elderly housing project, was $31,580 per acre. Although Danamere agreed to accept this price, the transaction was never consummated because of problems with zoning restrictions and substantial citizen opposition to the location of the elderly housing project.

■ In *Hardaway v. City of Des Moines*, 166 N.W.2d 578 (Iowa 1969), we considered the unreliability for valuation purposes of unaccepted offers for the sale of real proper-

ty and stated our belief that, as a general rule, such transactions should not be received as evidence of the value of real estate. *Hardaway*, 166 N.W.2d at 580. We believe that a similar rule should apply to transactions that assume that a certain use of the property will be permitted and that subsequently fail to reach fruition because that assumption is incorrect. That was the situation in the present case. There is nothing in the record to permit a finding that there was a demand for this two-acre tract at this price for other potential uses. The fact that there were differences in location between the two-acre tract and the 5.75-acre tract involved in the taking adds to the unreliability of the aborted sales transaction for purposes of the valuation issues that were presented to the jury.

■ We conclude that the district court erred in admitting evidence of the aborted transaction over IDOT's objection. We also conclude that this evidence was sufficiently prejudicial to warrant reversal. Multiplying the per-acre price established in the aborted transaction by the number of acres taken in the present eminent-domain dispute produces a figure remarkably close to the amount of the jury's verdict.

## II. *Other Issues.*

**A. *Before-and-After Value.*** Because the other evidentiary issues that IDOT has urged on appeal may arise on a retrial, we also give consideration to those matters. IDOT argues that the valuation testimony of Danamere's appraiser, Denis Kesterson, should have been excluded because he only testified concerning the value of the 5.75 acres taken as a discrete unit and gave no opinion concerning the value of the 233-acre tract prior to the taking and the 227.25 acres that remained after the taking. As a result of this failure, IDOT asserts, the challenged valuation testimony does not comport with the applicable legal standard for awarding compensation in eminent domain cases.

Our decisions recognize that the ordinary measure of compensation in eminent domain cases involving a partial taking is the difference between the fair market value of the

condemnee's property immediately before the taking and the value of the property that remains following the taking. *Dolezal v. City of Cedar Rapids*, 209 N.W.2d 84, 88 (Iowa 1973); *Martinson v. Iowa State Highway Comm'n*, 257 Iowa 687, 690, 134 N.W.2d 340, 342 (1965). Perhaps the best case illustrating this rule is *Martinson*. There, an appraiser testified as to the value of the entire tract prior to the taking based on generally accepted appraisal techniques. In determining the value after the taking, however, the appraiser did not reassess the remaining property according to generally accepted appraisal techniques but rather valued the land taken, loss of building value, and fencing expenses and arrived at an after-the-taking value simply by applying a process of subtraction of those items from the appraised value of the property prior to the taking. In rejecting this technique, this court stated:

> [The witness] should have determined the fair market value after condemnation in the same manner [that was employed to determine the value prior to condemnation].... [H]e did not do so. Specific values were assigned to each element of damage and the total was subtracted from the before value to arrive at after value. [The witness] misconceived the ultimate fact to be determined. We do not use the estimates of the losses to arrive at after value, but use after value to determine the actual loss.

*Martinson*, 257 Iowa at 691, 134 N.W.2d at 342.

◼ Danamere argues that a separate determination of the value of the property following the taking was not required in the present case because, according to the expert testimony, the value of the 5.75 acres taken had a directly proportional impact on the value of the property as a whole. In other words, Danamere argues, the value of these 5.75 acres added to or detracted from the value of the entire tract in a manner directly proportional to its own separate value. Although we might accept Danamere's argument in theory, we are not satisfied that the evidence submitted or any portion thereof would support a finding that the value of the 5.75 acres standing alone produced this discrete impact on the value of the entire tract. Consequently, we do not believe that Kesterson's valuation testimony based solely on the value of the property taken should have been received. This problem may be avoided on retrial by following the method of proof favored in *Martinson*.

**B.** *Benefits from the Improvement.* As a final matter, we must consider an issue that exists with respect to IDOT's efforts to value the property remaining after condemnation. In valuing the property before the taking, evidence was offered that a portion of Danamere's property located within a certain proximity to the highway had a higher value than the portion lying directly behind it because development would only extend back a certain depth from the roadway. IDOT urges that this same depth should be applied in valuing the property remaining after the taking. If that valuation technique is permitted, it will result in certain acres that are now located closer to the highway as a result of the taking being ascribed a greater value in the after-the-taking appraisal than in the before-the-taking appraisal. This raises an issue concerning the application of article I, section 18 of the Iowa Constitution.

◼ The constitutional provision to which we have referred provides that the jury sitting in a condemnation action "shall not take into consideration any advantages that may result to [the] owner on account of the improvement for which it is taken." Iowa Const. art. I, § 18. In *Britton v. Des Moines, O. & S.R. Co.*, 59 Iowa 540, 13 N.W. 710 (1882), the argument was made in a partial taking situation that because the value of the property remaining following the taking would be increased as a result of the benefits flowing from the improvement that this matter should be considered in establishing just compensation. In rejecting that contention, this court stated:

> The argument, therefore, is, if the value of the land has been increased by the construction of the road, this should be considered, and the damages reduced because of such fact. It seems to us this argument is not sound because section 18 of article I of

the constitution [prohibits such considerations from being taken into account].

*Britton*, 59 Iowa at 544, 13 N.W. at 712. We are convinced that the principle applied in *Britton* only precludes IDOT from showing for purposes of the after-the-taking valuation that the development potential for Danamere's property after the taking has been increased as a result of an improved roadway having been built. It does not preclude IDOT from showing that the property is still suitable for development for the same distance back from the roadway following the taking. That circumstance is not, in our view, a benefit or advantage flowing from the improvement.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for retrial of all issues consistent with this opinion.

**REVERSED AND REMANDED.**