GRIFFITH, ADM'R, v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y CO.

1. **Instructions:** NOT WARRANTED BY EVIDENCE. An instruction which submits to the jury a question of fact on which there is no evidence cannot be sustained. (See opinion for illustration and cases cited.)

2. **Verdict:** IN DISREGARD OF INSTRUCTION. A verdict which, under the evidence, could not have been found without disregarding an instruction of the court should be set aside. (See opinion for illustration.)

*Appeal from Washington District Court.*

SATURDAY, OCTOBER 15.

THE plaintiff is the administrator of Cameron Plummer, who was a brakeman in the employ of the defendant, and who, as the plaintiff claims, was killed by reason of negli-

gence of the defendant. Trial by jury, verdict for plaintiff, and judgment. The defendant appeals.

*S. K. Tracy* and *Boal & Jackson*, for appellant.

No appearance for appellee.

SEEVERS, J.—The negligence stated in the petition is— *First*, that the defendant negligently failed to block the space between the main and guard rails of its track, and allowed "said space upon its road in and about What Cheer, Iowa, to remain open without blocks," and, *Second*, that it permitted the blocks in said space "to become worthless, worn out, and to become in such a condition as to allow the feet of its employes to be liable to be caught in such space while attending to their duties upon its (defendant's) yard" in coupling and uncoupling cars. The court instructed the jury as follows; "If you find that a block had been placed by defendant between said rails; and further find it established by a preponderance of the evidence that such block was so placed, or so worn, or out of repair, as to be dangerous to brakemen coupling or uncoupling cars, in the exercise of ordinary care; and you further so find that defendant either knew of the condition of such block, or that such condition, if established, had existed for such a length of time, and was of such character, as that defendant ought, in the exercise of ordinary care, to have known it, and to have repaired or remedied the defect, if any,—then, and in such case, the negligence of the defendant charged in the petition and amendment thereto would be sufficiently established, within the meaning of the law. But if you fail to so find that the block was in such dangerous condition, or that defendant had such knowledge, or that such time had elapsed, then the negligence of defendant would not be established, and your verdict should be for defendant."

I. It will be observed that the court submitted to the

jury the question whether the block was "so placed" as to be dangerous to the employes, and, if the jury so found, then the negligence charged in the petition should be regarded as established. We have examined the evidence with care, and fail to find any which tends to show that the block was improperly placed, or which tends to show that it was so placed as to be dangerous to employes. The evidence does tend to show that the block was worn, and a portion of it split off, but this must have occurred, as the evidence clearly shows, by the operation of the road. As there was no evidence tending to show that the block was improperly placed, or so placed as to be dangerous to the employes, the court erred in submitting such question to the jury. *King v. Nelson*, 36 Iowa, 509; *Leffingwell v. Gilchrist*, 40 Id., 416; *Moffett v. Armstrong*, Id., 484; *Grimes v. Simpson Centenary College*, 42 Id., 589; *Templin v. Rothweiler*, 56 Id., 259.

*1. INSTRUCTIONS: not warranted by evidence.*

II. We think the verdict is against the foregoing instruction, for the reason that there is no evidence tending to show that the defendant had notice or knowledge that the block was "so worn or out of repair as to be dangerous to brakemen coupling or uncoupling cars." There is not a single witness who testifies that he observed the condition of the block until after the accident. There is therefore no evidence tending to show how long it existed, or that the defendant, or any of its officers or employes, had knowledge that the block was in any respect defective. If the question as to negligently placing the block had not been submitted to the jury in the instruction under consideration, and the jury had followed the instruction as to notice and knowledge of the defect, their verdict should have been for the defendant. It therefore follows that there was no evidence authorizing a recovery, and the court should have so directed the jury, as the defendant asked it to do.

*2. VERDICT: in disregard of instruction.*

REVERSED.