Joy, Wright & Hudson, Trustees, Appellees, v. The Security Fire Insurance Company, Appellant.

1. **Fire Insurance:** LOSS: VALUE OF PROPERTY: BURDEN OF PROOF. The provisions of section 3, chapter 211, Acts of the Eighteenth General Assembly, that in any action upon a policy of insurance for the loss of any building insured "the amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy," have no application to cases of the loss of personal property.

2. ——: ——: ——. In an action upon an insurance policy to recover for the loss of personal property insured, proof of the price at which the owner offered to sell the property within two weeks preceding the fire is competent on behalf of the defendant as tending to show the market value of the property destroyed.

*Appeal from Woodbury District Court.*—HON. C. H.
LEWIS, Judge.

WEDNESDAY, MAY 27, 1891.

THE plaintiffs are trustees of John Hahne for
certain of his creditors. The defendant company
issued to John Hahne its policy of insurance against
loss on certain classes of property, consisting of house-
hold goods and other articles of personal property in a
certain building in Sioux City. The property was in
part destroyed by fire on the ninth day of February,
1885, and the policy was assigned to the plaintiffs.
This action is to recover thereon. The cause was tried
to a jury that returned a verdict for the plaintiffs, and
from a judgment thereon the defendant appeals.
*Reversed.*

*R. W. Barger,* for appellant.

*Joy, Hudson, Call & Joy* and *C. L. Wright,* for
appellees.

GRANGER, J.—I.  Assignments based on the action
of the court in excluding evidence make it important

1. FIRE insur-
ance: loss:
value of prop-
erty: burden of
proof.

that we determine a question as to the
burden of proof. The appellees contend
that under the statutory provision the
amount stated in the policy is *prima facie*
the amount of the loss. The verdict in this case is for
the amount stated in the policy, eleven hundred and
seventy-three dollars. The statute on which the claim
is based is chapter 211, Acts of the Eighteenth General
Assembly, section 3, which provides:

"In any suit or action brought in any court in this
state on any policy of insurance against the company or
association issuing the policy sued on in case of the loss

of any building so insured, the amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy: provided, nothing herein shall be construed to prevent the insurance company or association from showing the actual value at the date of the policy and any depreciation in the value thereof before the loss occurred: provided, further, such insurance company or association shall be liable for the actual value of the property insured at the date of the loss, unless such value exceeds the amount stated in the policy; and in order to maintain his action on the policy it shall only be necessary for the assured to prove the loss of the building insured, and that he has given the company or association notice in writing of such loss, accompanied by an affidavit stating the facts as to how the loss occurred.''

The language of the section precludes a belief that the intention was that the policy should be *prima facie* evidence of the value of the personal property destroyed by fire for at least two reasons: *First*, because the section does not in terms so provide; and, *second*, that no reasons exist for giving to a doubtful statute such a construction. Looking to the section and the parts thereof where the policy has a *prima facie* effect, and we see, first, that it is as to the insurable value of the property, and it says: "In case of loss of any building so insured the amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy." Then, again, speaking of the liability of the company for the actual value at the time of loss, and what the plaintiff must prove, having by the policy shown the insurable value, he must "prove the loss of the building insured." No other language in the section indicates a *prima facie* effect of the policy; and it seems to us quite conclusive that it was not designed to have that effect in cases of

loss of personal property, but of buildings, as expressed in the section. In most cases of loss of personal property insured the difficulty of the companies assuming the burden of showing the actual value at the time of loss would be great, if not impossible. Take insurance upon stocks of goods, from which sales are continually made, and additions made thereto; insurance upon hay and grain, the value and quantity of which changes rapidly from use, sales and other causes; and in fact, personal property quite generally, and it will be readily seen that such a rule would be attended with too great difficulties to believe, in the absence of language quite unmistakable, that the legislature so intended.

II. The policy contains this provision: "Fraud, false swearing, misrepresentation or any concealment of or omission to make known a material fact on the part of the assured, whether in applying for this insurance, or in the proofs of loss, or otherwise, shall render this policy and any renewal thereof void." Several defenses are pleaded to the cause of action, and, among them, that Hahne, in his proofs of loss, falsely and fraudulently misrepresented the value of the property insured; the defendant averring that the actual value of the property was but four hundred dollars, while in the proofs of loss it is represented as of the actual cash value of eighteen hundred dollars. The averments also put in issue the value of the property as affecting the amount of recovery on the policy. John Kauffman was a witness for the defendant, and testified that about two weeks before the fire he had a talk with Hahne about buying the property. He was then asked this question: "Now you may state whether or not he made you an offer to sell you that property at that time,—two weeks before the fire,—and what the offer was." After giving testimony as to certain articles, he was again asked: "What did Mr. Hahne ask you for

that hotel furniture and building, and all contents of the hotel as it stood there?'' The witness also testified that he was present at Mr. Lutz's office when one Rossuck was trying to buy the property of Hahne, and the following questions were asked: ''Do you know what Mr. Hahne offered to take for the hotel furniture, bedding and beds, table-ware, and all that sort of things? Did Mr. Hahne tell Mr. Rossuck what the property was worth at that time? *A.* Yes, sir. *Q.* State what it was.''

Answers to these questions were excluded on objections by the plaintiff on the ground that they were ''incompetent, immaterial and no measure of damages.'' We think the court erred in sustaining the objections. The appellees' contention as to this point is: ''It is not what a man sells his property for, what prices may be dictated by pressing circumstances or illness, or many other reasons. His offer can no more be used against him than it can be used for him if he had had a higher price tendered him.'' The property in question consisted of old or second-hand furniture, the market price of which it is usually very difficult to establish. It cannot be said to have a fixed market value, and we think that the price for which it was offered by the owner is at least competent evidence to be considered by the jury. If such an offer is accepted, it would seem quite conclusive that the property was worth the amount of the offer. If not accepted, it would be evidence tending to show that the property was not worth more than that for which it was offered. It is not to be assumed in the absence of proof that the offer was ''dictated by pressing circumstances,'' or for other reasons that might render the proof of such an offer of no avail; but, if such ''circumstances'' exist, they may be shown, and thus give to the testimony the weight to which it is entitled. 2 Wood on Insurance, p. 1172; *Hersey v. Insurance Co.*, 27 N. H. 149. Other

testimony of a like import was also refused, which we need not separately notice.

We do not think it necessary to consider other assignments, and the judgment is REVERSED.