ANNA L. GOSE, Administratrix, Appellant, v. F. C. TRUE et al., Appellees.

**EVIDENCE: Documentary—Photographs.** Photographs designed to 1 show the conditions surrounding an accident are properly rejected when not shown to have been taken under conditions substantially similar to the conditions existing at the time of the accident.

**TRIAL: Reception of Evidence—Motion to Strike.** A recital by a witness as to what he heard in the way of a conclusion recital by an unidentified person as to the negligence of some other unidentified person is properly stricken on motion.

**EVIDENCE: Competency.** Evidence relative to the force of impact of 3 an automobile by comparison with a falling body is quite speculative on the issue of negligence.

**EVIDENCE: Competency.** Evidence of simple mathematical computations is properly excluded.

**TRIAL: Misconduct in Argument—Reference to Voir Dire.** It is not 5 prejudicial misconduct for counsel in argument, in order to dispel a possible erroneous inference, to refer to questions asked by the opposing counsel on *voir dire,* and comment thereon.

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

MAY 6, 1924.

ACTION in tort, to recover damages for the death of plain-

tiff's decedent, alleged to have been caused by the negligence of defendants. Trial to a jury, resulting in a verdict for defendants. From the judgment entered, plaintiff appeals.—*Affirmed*.

*Casper Schenk,* for appellant.

*G. E. Brammer* and *Hunn & Jones,* for appellees.

DE GRAFF, J.—Plaintiff, as administratrix of the estate of Dwight L. Gose, deceased, seeks to recover death damages resulting from an automobile accident. It is the plaintiff's contention that the fatal injuries received by the decedent were caused by the defendants' negligence, as charged. It is the claim of the defendants that the accident and consequent damages proximately resulted from the contributory negligence of plaintiff's decedent. These issues were fairly and correctly submitted to the jury, and with the sufficiency of the evidence to sustain the verdict no point or proposition is advanced by appellant. A brief recital of the evidence, therefore, will suffice.

The unfortunate accident occurred about midnight on Armistice Day, 1921. Two young men, Dwight L. and Donald Gose, residing with their father at Sixty-fifth Street and University Avenue, Des Moines, were returning to their home in a Dodge touring car, used by them for pleasure and business purposes. The defendant Bernadine True, a young musician of the city, resided with her father, Dr. F. D. True, the other defendant, at 3832 Cottage Grove Avenue, Des Moines, and was also returning to her home about the time in question, having just previously finished a musical engagement in the city. She was driving a Chevrolet car owned by her father, and was the only occupant of the car. On Thirty-eighth Street, she turned west on Cottage Grove Avenue, and at that time the Dodge car, though unknown to Miss True, was also proceeding westward on Cottage Grove Avenue, some distance east of Thirty-eighth Street. She was driving at a speed of twelve to fifteen miles an hour, on a line about six feet from the north curbing, and when she was about half way between Thirty-eighth Street and her father's driveway, she decreased her speed. Just east of her father's house she extended her left hand, indicating she was about to make a turn. It was her then intention to enter the

driveway of her home. She testifies that she did not know there was anyone behind her, and as she started to turn, she heard the noise of the other car, and saw its lights. She immediately applied the brakes, and stopped the car within a distance of about four feet.

The evidence shows, and the jury could so find, that the Gose car was driving very fast, and, as testified to by plaintiff, "at least forty miles an hour." No brakes were applied by the driver of the Gose car. He testifies that he did not see any signal given by the forward car. When he did discover that the True car was turning toward his line of direction, and believing that he did not have sufficient space to go between the car and the curbing, Donald Gose, the driver, ran his car over the curb and onto the parking, striking a large tree therein, which he saw too late to avoid.

The driver of the Dodge car testified that, when he was twenty to thirty feet west of Thirty-eighth Street, he honked his horn.

"I blew the horn once, and thought that was sufficient. At no time after that did I sound any warning of any kind. I made up my mind to pass Miss True when I saw she was going slower than I thought was necessary."

He testified that his car was going about eighteen miles an hour. He further testified:

"The lights on my car were first class in every respect. I had brakes on the car. They were in the very best order. They were adequate to meet any emergency if they had been used. I did not put on my brakes that I know of, either the foot or the emergency."

The physical injuries to the Dodge car constitute some evidence of the speed at which it was driven, and the impact was sufficient to cause the fracture of the skull of Dwight Gose in three places, subsequently causing his death.

The primary contentions of appellant, upon which reversible error is based, have to do with the rulings of the trial court on objections to certain evidence which plaintiff sought to introduce. These matters merit but brief attention.

Exhibit D is a photograph offered by plaintiff, to which timely objections were made and sustained. This was a photo-

graph of the car standing in front of Doctor True's home, and taken about 12:30 A. M. of May 9, 1922. We are not inclined to question the correctness of the ruling in this particular. Apparently the camera was placed at approximately a right angle to the rays of light. It is not shown that the photograph was taken under conditions similar to those on the night of the accident in the preceding November. One of the lamps on the Gose car was demolished, and a new one installed. Was the trial court privileged to say that the lights were the same, or were adjusted or focused in the same manner? Could he say that the batteries which supplied the light energy were the same on each occasion, or that the light produced was of the same brilliancy? Were the physical conditions, such as smoke, shadows, clouds, etc., the same? Prior to the accident, the Gose car was in motion, and undoubtedly traveling at such a rate of speed that it was difficult to distinguish objects clearly. In ruling upon the objection to Exhibit D, the trial court took occasion to say that:

*1. EVIDENCE: documentary: photographs.*

"The intensity of lights on automobiles depends somewhat on the age of the globes, to what extent they have been subjected to illumination, and depends upon the condition of the reflector and as to the absence or presence of dust, and so many different things that the exhibit has not, in my opinion, been identified with sufficient accuracy to represent conditions on the night in question as to furnish any reliable guide to the jury."

There can be no question that a photograph is admissible when properly identified and vouched for by a witness. As stated by Dean Wigmore in his admirable work on Evidence:

"A photograph, like a map or diagram, is merely a witness' pictured expression of the data observed by him, and therein communicated to the tribunal more accurately than by words." 2 Wigmore on Evidence, Section 792.

A photographer or other person may say that the picture represents things and conditions as he saw them; but unless the facts disclosed thereon were existent and the conditions were the same as at the time pertinent to the inquiry, its admissibility may be questioned. A photograph is not necessarily excluded as misleading. A witness may lie; so may a photograph; but neither is a ground for exclusion. A witness must have knowl-

edge of the facts to which he testifies, and a photograph must be shown to have been made under conditions similar to those material to the inquiry to which it relates. The admission or rejection of a photograph in evidence is a matter addressed to the sound discretion of the court; and in the absence of an abuse of such discretion, the court's ruling will not be disturbed on appeal. *Nolte v. Chicago, R. I. & P. R. Co.*, 165 Iowa 721. No prejudicial error is shown in the instant case in rejecting Exhibit D, under the facts disclosed.

It is further contended that the trial court erred in sustaining the motion of defendants to strike a statement by plaintiff's witness Mrs. Anna Shawhan. This witness testified that she heard the crash at the time of the accident.

2. TRIAL: reception of evidence: motion to strike.

"I did not hear anything for quite a while; then I heard a man's voice. Q. And what was said? A. As near as I can remember, 'You see I have the goods on you.' "

The court sustained a motion to strike the statement, as hearsay, incompetent, and immaterial. The witness did not know who made the statement or whose voice it was. Clearly there was no error here. The only persons present at the time of the accident, and for several moments thereafter, were Donald Gose, his brother Dwight, and Miss True. Due to the condition of Dwight, resulting from the accident, it was not he who made the statement. When Donald called him, he made no answer, and Donald himself does not claim to be the author of the words stricken. In brief, the statement was but a conclusion relative to the negligence of someone unknown; and though we should classify it as *res gestae*, it is incompetent. See *Dunn v. Chicago, R. I. & P. R. Co.*, 130 Iowa 580; *Scott v. St. Louis, K. & N. W. R. Co.*, 112 Iowa 54; *Kelly v. Muscatine, B. & S. R. Co.*, 195 Iowa 17.

One further point is urged: that the trial court was in error in excluding the testimony of Professor D. W. Morehouse, relating to the force of impact of the Goses' automobile by comparison with a falling body, and also in excluding a mathematical computation by the same witness, in determining the number of feet per second an automobile

3. EVIDENCE: competency.

would travel while moving at a speed of twenty miles per hour. The first question put to the eminent witness is as follows:

"I will ask at what height an object would have to fall, to attain a velocity of eighteen miles an hour."

We fail to discover the relevancy or materality of the question. It involved a law of physics as to falling bodies. The instant case does not deal with the law of gravity. The car was not falling to the earth by force of gravity, but was being propelled by a variant motive power, with its force counteracted by friction due to gravity and also atmospheric resistance. The suggested question was purely speculative, so far as it would aid the jury in determining any issue involved in this case.

The inquiry as to the number of feet per second suggested a mere mathematical calculation, which a court may well presume a jury of ordinary intelligence could solve for itself. The law presumes that jurors are reasonably intelli-

4. EVIDENCE: competency.

gent. Although the answer to the question might well have been allowed, no prejudice resulted to plaintiff in the denial.

Lastly, misconduct on the part of counsel for defendants in argument is urged. It appears that counsel for the plaintiff, in the examination of the jury, asked whether or not any juror was interested in an automobile insurance company, or was engaged in writing automobile insurance, or whether any member of his family worked for

5. TRIAL: misconduct in argument: reference to *voir dire*.

automobile insurance companies. No objection was made to this line of inquiry, and there is no contention that it was improper. Counsel for defendant, in arguing, commented thereon, and said that:

"The attorney for the plaintiff knew, or should have known, that it could not be shown in this case that either party to this suit was protected by automobile insurance."

To this statement plaintiff objected, on the ground that it was improper, and an imputation against the good faith of counsel and of plaintiff. In ruling on the objection, the court said:

"I do not believe the objection can be well taken, for the reason that counsel for plaintiff did make inquiries of the jury in substance as explained by counsel for the defendant, and

counsel for the defendant, in making the statement that whether there was or was not insurance is a fact that could not be shown, is making a correct statement. Nor do I think that he is attacking the good faith of anybody, but is merely commenting upon a subject which was opened by you in the first instance.''

We are not advised as to the form or manner in which the questions were put by counsel on the *voir dire*. Sufficient to state that the line of inquiry was proper; but we cannot hold that the comments made by the adverse party constitute prejudicial misconduct. The questions no doubt were of such a character that an inference might be drawn by the jury that an insurance company was interested in the case, and it was to dispel that impression that adverse counsel referred to the matter in argument. The purpose of asking the questions in the first instance is not disclosed, but we will presume that the questions were asked in entire good faith. This episode caused no prejudice. The court made no reference whatever to the merits of the controversy, said nothing to the disparagement of either party or the credibility of any witness. It was a matter in which the court could exercise a wise discretion. As said by counsel for the appellee in this court:

''If the comment made constitutes misconduct, reversible error is committed every time the attorney for a successful litigant in argument draws an inference or makes a contention based on facts in the case which do not harmonize with the inference drawn or contention made by his adversary, based on the same facts.''

We are satisfied that plaintiff had a fair and impartial trial, and that the verdict finds ample support in this record. The jury must have found that plaintiff's driver did not have his car under control, which is, in effect, synonymous with a failure to operate the car with due care, under the circumstances. *Carruthers v. Campbell*, 195 Iowa 390; *Lorah v. Rinehart*, 243 Pa. 231 (89 Atl. 967). The judgment entered is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.