GEORGE FELKER et al., appellants, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 51102.

(Reported in 124 N.W.2d 435)

NOVEMBER 12, 1963.

Robert H. Shepard, of Mason City, for appellants.

Evan Hultman, Attorney General, of Des Moines, C. J. Lyman, Special Assistant Attorney and Counsel for Iowa State

Highway Commission, of Ames, Donald H. Gloe, State Counsel, Iowa State Highway Commission, of Ames, and Ted Enabnit, Special Local Counsel, of Mason City, for appellee.

THOMPSON, J.—What commenced as an ordinary condemnation proceeding promptly became considerably involved, and terminated in two lawsuits, each of which resulted unfavorably to the plaintiffs. The first case, our No. 51102, known hereinafter as No. 1, was an ordinary appeal from the award of the condemnation commission, except that plaintiffs' petition was in two counts. The first count asked an injunction against the taking of the plaintiffs' property until the amount of the damages had been finally determined. This count was dismissed upon hearing. The second count asked damages in excess of the award made by the commissioners. This count was likewise dismissed, and from that judgment we have an appeal.

The second case, our No. 51151, hereinafter known as No. 2, was an attack upon the validity of the proceedings of the condemnation commission. This was also dismissed, and so we have the second appeal. The two appeals are consolidated in this court.

The parties at no time reached the real merits of the condemnation. This is to say that they did not get to a determination of the actual damages suffered by the plaintiffs through the taking of their property. The issues were decided upon legal questions. The parties marched and countermarched, attacked and counterattacked; and in the process raised numerous and difficult propositions of law. However, as we see it, the issues are in fact simple and many of them need not be determined here.

I. It appears that the defendant, hereinafter known as the commission, started one proceeding to condemn which was later dismissed because of an error in description of the real estate. The commission commenced another proceeding which resulted on August 9, 1962, in an award of damages by the condemnation commission in the sum of $45,000. On August 13 following, the defendant-commission served notice of appeal.

On August 18 the plaintiffs filed their petition in the Cerro Gordo District Court, in two divisions as above stated. The first division alleged the defendant was about to take possession of their orchard, garden and residence before the final determination of damages had been made, and asked an injunction to prevent such taking. Upon hearing, this division was dismissed. It appeared the residence was not about to be taken. The garden was apparently planned as a defense to the taking. It was planted late, suffered severely therefrom and from lack of proper cultivation, before the hearing on the injunctive request had been obliterated by the bulldozers, and no appeal is taken from the ruling dismissing this division of the petition. Requiescat in pace.

II. However, the second division of the plaintiffs' petition was in compliance with Code sections 472.21 and 472.22, which are set out.

Section 472.21: "The appeal shall be docketed in the name of the owner of the land, or of the party otherwise interested and appealing, as plaintiff, and in the name of the applicant for condemnation as defendant, and be tried as in an action by ordinary proceedings."

Section 472.22: "A written petition shall be filed by the plaintiff on or before the first day of the term to which the appeal is taken, stating specifically the items of damage and the amount thereof. The defendant shall file a written answer to plaintiff's petition, or such other pleadings as may be proper."

The matter is somewhat unusual in that the appeal was taken by the defendant-commission rather than by the landowners. However, the Code sections above set out require the landowner to file the petition, and the condemnor to answer. This was done; and it is important to note that the plaintiffs, in their petition, state specifically the items of damage and that the difference between the fair and reasonable market value of their property immediately before the taking and the same value of the remaining portion after the taking was $90,000. They then prayed for an award of that amount, with interest.

On September 11, 1962, the defendant filed its answer to the second division of plaintiffs' petition last above referred to,

in which it denied the damages claimed by plaintiffs, and concluded with the prayer "that damages be awarded plaintiffs commensurate with their provable damages."

On October 1 next the commission filed its "Dismissal with Prejudice of Condemnation Appeal." It attempted to dismiss its appeal, and pointed out that the plaintiffs had not appealed from the award of the condemnation commission. The plaintiffs promptly filed their motion to reinstate the appeal and objected to its dismissal, asserting that they had filed their petition as required by the Code; that the commission had appeared generally, and could not without the consent of the plaintiffs dismiss the proceeding. The defendant filed its resistance, and upon hearing the trial court upheld the defendant's position and dismissed the case.

We are unable to agree. The trial court and the defendant relied at this point upon Hanley v. Iowa Electric Co., 187 Iowa 590, 174 N.W. 345. Without doubt this case held that when the condemnor took the appeal and the condemnee had not served notice of appeal, the condemnor could dismiss its appeal at anytime, even during the course of the trial, and the matter was then concluded even though evidence had been introduced by the condemnee showing that its damages exceeded the amount awarded by the condemnation commission. At the close of the condemnee's evidence the condemnor moved to dismiss its appeal, but the trial court denied the request and submitted the case to the jury, which returned an award in excess of the amount allowed by the condemnation commission. Upon appeal, we reversed, saying that the condemnor had the right to dismiss its appeal, and since the condemnee had not served notice of appeal it could not object.

Upon casual examination the case seems in point. But closer analysis leads to a different conclusion. It was decided in 1919, at which time section 472.22 was not in effect. It was enacted by the Forty-third General Assembly as section 1 of chapter 213 of its Acts, and became effective on April 18, 1929. Prior to this time there was no specific provision for pleadings in appeals from condemnation awards; and in fact

an inspection of the record in the Hanley case shows no pleadings were filed.

Now, however, we have the specific requirement that the condemnee shall file a petition, "stating specifically the items of damage and the amount thereof." This the plaintiffs did in the case at bar. To this the defendant filed its answer, also as commanded by section 472.22; and it asked that plaintiffs be awarded their proven damages.

So the matter was at issue when the defendant attempted to dismiss its appeal. That it had the right to do so is undoubted; but that it could also dismiss the entire proceeding, including plaintiffs' claim for damages cannot be admitted. Section 472.21 provides these appeals shall be tried by ordinary proceedings; and such proceedings are now governed by the Rules of Civil Procedure. Rule 215 provides that a party may dismiss his own petition or counterclaim at anytime before trial has begun; but he may not dismiss an opposing counterclaim. This is elementary law; and we think the plaintiffs' petition here, when the defendant had appealed from the award, was in substance a counterclaim. The plaintiffs asserted the right to relief greater than that awarded by the condemnation commission; the defendant answered, and the matter was at issue. In the Hanley case the plaintiff had made no formal claim for damages in excess of the award, when the defendant attempted to dismiss. Here, under section 472.22, the petition plainly asserted such a claim. It was in fact a counterclaim; the defendant was in court; and the counterclaim could not be dismissed without the consent of the plaintiffs. Such consent was of course lacking; the plaintiffs made strong protest, and the trial court was in error in dismissing their case. They have a right to trial of the issues raised by their petition. We do not find it necessary to discuss other points raised by plaintiffs.

III. The second appeal involves an attack by the plaintiffs upon the jurisdiction of the condemnation commission. It is apparent that they cannot have it both ways; that is, they may not appeal from the award made by the commission and ask a greater allowance in one breath, and in the next assert that it was entirely without jurisdiction to make any award. We

are told that the plaintiffs ask only that they have their day in court; and since we have awarded them that right by our holding in the previous division, and because they may not appeal from an award and at the same time attack it as made without jurisdiction, we conclude the second appeal, in Case No. 2, should be dismissed. Costs are taxed one fourth against plaintiffs and three fourths against the defendant.—Reversed and remanded on Appeal No. 1; Appeal No. 2 is dismissed.

All JUSTICES concur.