**The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioners-Appellees, v. Kern Lankford, et al., Defendants. Kern Lankford and Vera Lankford, Defendants-Appellants.**

Gen. No. 10,656.

Fourth District.

November 24, 1965.

Busch, Harrington & Porter, of Champaign, for appellants.

William G. Clark, Attorney General, of Springfield (Thos. C. Stifler, III, of Danville, and Richard E. Quinn, of Springfield, Special Assistant Attorneys General, of counsel), for appellee.

CRAVEN, J.

This appeal is brought from a judgment of the circuit court of Vermilion County based upon a jury verdict awarding compensation in the amount of $87,125 for land taken by the State of Illinois pursuant to its power of eminent domain. The subject of this suit concerned the value of 7.28 acres taken from a tract of 8.89 acres and the damage done to the remainder.

The defendants-appellants raise three errors:

1. Expert opinion evidence as to value offered by the State should have been stricken where incomparable sales were considered in reaching the opinion.
2. Bona fide offers to purchase should have been admitted as evidence of the present fair cash market value.
3. The court should have excluded evidence of a sale which was not shown to be comparable.

The facts show that the defendants' property was located between 12th and 13th Streets on the east side of Illinois State route 1 south of Danville in Vermilion County. This area was partially commercial and partially residential at the time of the taking. The defendants' property had 146 feet of frontage on the highway. The property had several improvements, a four-room house and garage, a commercial building along the front line with a glass display window, a repair shop together with a small one-room shed formerly used as an office for a used-car lot.

 The principal evidentiary objection is to the opinion testimony of the petitioners' witness, Willis W. Capps. The defendants contend that Capps considered improper *elements* in arriving at his opinion as to the present fair cash market value. The rationale of this argument is that the court had excluded evidence of certain sales of property as not comparable and that where the witness stated that he had considered them in reaching his opinion as to value, the court should have excluded his opinion testimony also. The defendants then rely upon the principle of law that where opinions of value are in part based upon improper elements of damage there is no proper basis for the admission of the testimony. Central Illinois Light Co. v. Nierstheimer, 26 Ill2d 136, 185 NE2d 841 (1962). However, there is no

evidence that petitioners' witness Capps *based* his testimony on an improper *element* of damages. Comparable sales are a standard of comparison which afford a yardstick for an opinion as to value; however, they are not *elements* of damage. Separate sales must stand or fall as evidence on similarity or dissimilarity between themselves and the subject property. The rule regarding comparable sales is one of relevancy and not unlike the general evidentiary rule applied in all proceedings requiring similarity of conditions. This test is usually left to the discretion of the court in light of the circumstances of each case. City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766 (1951).

■■ The evidence in this case showed that petitioners' witness Capps made a comprehensive study of sales in the area and in so doing considered sales which the court excluded as evidence. It is not apparent what weight the witness attached to them in reaching his opinion as to value. However, his testimony was that he considered these sales along with others and there is no clear abuse of discretion by the trial court in admitting such testimony, nor is there a clear indication that consideration of these sales along with others so infected the witness' opinion as to render it inadmissible as evidence.

■ The defendants also contend that the court's failure to admit bona fide offers of purchase of the defendants' property was reversible error. This question has been presented often and our Supreme Court has held that offers to purchase must be bona fide and there must also be a showing of an absence of comparable sales. Department of Public Works and Buildings v. Lambert, 411 Ill 183, 191, 103 NE2d 356 (1952) ; City of Chicago v. Lehmann, 262 Ill 468, 474, 104 NE 829 (1914).

■ The court admitted two sales as comparable—the Chatkin sale introduced by the petitioners and the Bolick sale introduced by the defendants. Under the above test even a bona fide offer is inadmissible due to the evi-

dentiary priority accorded a comparable sale consummated between a willing buyer and a willing seller. Only when there is an absence of such evidence will the courts take judicial cognizance of a mere offer. Its probative value is doubtful (5 Nichols Eminent Domain sec 21.4 (3d Ed 1962)) and is only accepted where there is no actual sale to afford a comparable standard. Even if the offers were considered as admissible as some evidence of value, the fact that they were less than the defendants' expert appraisal testimony, which took into consideration actual sales, demonstrates that exclusion of such offers was not reversible error.

The third error alleged in this appeal relates to the defendants' above contention that bona fide offers of purchase should have been accepted as evidence of the present fair cash market value. The defendants contend that the petitioners' only comparable sale should have been excluded as dissimilar because the sale involved unimproved property some three miles distant from the defendants' improved property. Thus, if there were no comparable sales, bona fide offers of purchase would be admissible as some evidence of value.

 The fact that the subject tract had improvements and the Chatkin tract was without improvements is evidence of a dissimilarity. However, the alleged dissimilarity goes to the weight rather than the admissibility of the evidence. Such dissimilarity can usually be pointed out and the testimony qualified by routine cross-examination. Forest Preserve Dist. of Cook County v. Folta, 377 Ill 158, 162, 36 NE2d 264 (1941). The question as to whether such sales are sufficiently similar to be admitted into evidence is left to the sound discretion of the trial court. City of Evanston v. Piotrowicz, 20 Ill2d 512, 522, 170 NE2d 569 (1960); Trustees of Schools of Township No. 36 v. LaSalle Nat. Bank, 21 Ill2d 552, 556, 173 NE2d 464 (1961).

■ The evidence showed that both properties were of the same approximate size and fronted along the same highway. Although both were in a mixed commercial-residential area, the highest and best use was as commercial property with a potential for increased commercial development. The existence of the type of improvements on the defendants' property may or may not have added to the present fair cash market value of the property in light of its highest and best use. However, this was a question to be resolved by the jury and was not a dissimilarity which required the exclusion of the Chatkin sale as evidence.

There being no evidence of arbitrariness or unfairness, we find no reason to disturb the finding of the jury as their determination of value was within the range of the testimony. Therefore, the judgment entered by the circuit court of Vermilion County is affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.