The Department of Public Works and Buildings of the State of Illinois, for and in Behalf of the People of of the State of Illinois, Petitioner-Appellee, v. Marie F. Seeber, Individually and as Trustee, Elizabeth Seeber Murphy, Individually and as Trustee, Kenneth Murphy, et al., and Interstate Research Park, Inc., Defendants, Interstate Research Park, Inc., Defendant-Appellant.

Gen. No. 10,892.

Fourth District.

March 25, 1968.

271

Busch, Harrington & Porter, of Champaign (Thomas E. Harrington, of counsel), for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (Harold G. Andrews and Richard E. Quinn, of counsel), and J. C. Williamson, Special Assistant Attorney General, of Champaign, for appellee.

CRAVEN, J., delivered the opinion of the court.

This appeal arises from denial of a post-trial motion for a new trial filed by Interstate Research Park, Inc., a defendant in a condemnation case. Judgment in the amount of $96,000 was entered on the verdict of the jury which allowed compensation of $56,000 for the taking of 16.6 acres and $40,000 for damage to the remainder of 183.4 acres of defendant's land.

The errors assigned are based on the following:

1. Denial of defendant's motion to sever the trial proceedings with respect to the parcel here involved from another parcel separately owned by other defendants.
2. During the course of trial, the court denied defendant's motion to strike the testimony of one of plaintiff's expert witnesses after cross-examination revealed the foundation upon which his opinion as to the value of defendant's land was based.
3. Over defendant's objections, the jury heard evidence of the sale price of an 80-acre tract (referred to by the parties as the Burwash-Bash

sale) on the theory it was comparable to the defendant's property.

4. The defendant also asserts that the damages awarded are inadequate as a matter of law.

■■ There was no error committed in refusing to sever the trial involving defendant's parcel from another parcel under the circumstances of this case. The authority for trying the cases involving separate parcels of property in the same proceeding is statutory. (Ill Rev Stats 1963, c 47, § 5.) The action of a trial court in denying severance of the trial of parcels situated in the same county and involved in the same project has always been held to be discretionary with the trial court. We find no abuse of that discretion.

The differences between the two tracts of land here involved were not shown to be such as likely to result in confusion in the minds of the jury. There were no facts stated in defendant's motion which require a severance as a matter of law. It was within the discretion of the trial court, in this situation, to decide that the jury could hear both cases at the same time under the principles announced in Public Service Co. v. Leatherbee, 311 Ill 505, 143 NE 97 (1924); Chicago & N. W. Ry. v. Chicago Mechanics' Institute, 239 Ill 197, 87 NE 933 (1909); and Waukegan Park Dist. v. First Nat. Bank, 22 Ill2d 238, 174 NE2d 824 (1961). The per-acre price of the jury verdict, as returned, for damage to land taken strongly suggests that the jury logically treated the separate tracts.

No error was committed in overruling the defendant's motion to strike testimony of the witness Hetishee, a witness for the plaintiff, who testified as to his expert opinion as a real estate broker of the fair cash market value of the Interstate Research Park, Inc. acreage. This witness testified on direct examination that on January 31, 1964, the highest and best use of defendant's property was light industrial and that the 16.6 acres being taken

had a fair cash market value of $42,932; that the difference in the value of the remainder after the taking from its fair cash market value before the taking was $38,514. His opinions were reached after he was employed by the plaintiff to appraise the property in the spring of 1966, and in connection with his employment he was shown pictures of the condition of the property as of January 31, 1964, the date of the taking. He testified concerning natural gas and water lines being present in the park and he remembers seeing the property in January of 1964, as he had driven by on a couple of occasions. He did not know how many feet of streets had been built in the park on January 31, 1964. In his cross-examination, he stated his opinion was based, in part, upon two sales referred to by the parties as the "Wornack to French" and the "French to Southwood" sales, which the trial court had previously admitted as evidence in the case involving the other tract but had excluded as inapplicable to the defendant's tract. That exchange of questions and answers was as follows:

"Q Mr. Hetishee, you have testified that you considered certain comparable sales in arriving at your opinion, would you tell the jury what comparable sales that you considered and based your opinion on in valuing the Research Park tract?

"A Well, I considered all the sales that I had a knowledge of and the general market conditions and the ones that we mentioned on the Campbell tract earlier this morning and then some other sales that I had knowledge of along in the general vicinity.

"Q And did you base your opinion on these sales?

"A That and the general market conditions, yes, the sales that I mentioned and other sales I had knowledge of.

"Q And in valuing the Research Park tract you based your opinion on the market study and the sales

from Burwash to Bash and Wornack to French and French to Southwood, is that a fair statement?

"A That and others.

"Q Those things and other sales you based your opinion on?

"A That and the general market condition and the sales that I had knowledge of."

 From this exchange of questions and answers and in reliance upon our holding in Department of Public Works and Buildings ex rel. People v. Lankford, 65 Ill App2d 133, 212 NE2d 14 (4th Dist 1965), defendant argues that failure of the trial court to grant the defendant's motion to strike Hetishee's testimony was prejudicial error. Defendant's reliance upon our holding in that case is misplaced. Hetishee's statement that he based his opinion of the value of the defendant's property on the two excluded sales, the included sale, other unnamed sales and general market conditions does not lead to the conclusion that he used improper elements of damage in arriving at his opinion as to the value of the land taken or the damage to the remainder of the defendant's tract. The sales he described and the additional sales he did not identify may be a part of the basis of his opinion without being used by him as elements of damage to which he testified. There is no showing that the witness' opinions as to value included improper elements of damage, nor is there any testimony indicating that he left out any proper elements of damage. The point raised by defendant begs the question, in that it gives too much attention to words chosen by the defendant. Basic common sense requires recognition that an expert witness brings to the courtroom, as a foundation for any opinion expressed in his field of expertise, his accumulated experience gathered in transactions dissimilar and unrelated to the question to be resolved in the proceedings about which he testified, as well as the experience in transactions which he has had which are similar to it. In a gen-

276

eral sense, therefore, any expert's opinion is subject to the criticism here made. The point is, that the testimony of this witness as to value was not shown to be based substantially or totally upon matters and transactions which were so dissimilar or foreign to the situation upon which he was called to express an opinion that his opinion had become irrelevant and of no evidentiary value, or of so little evidentiary value as to be prejudicial to the defendant. As was stated in the Lankford opinion:

> "Comparable sales are a standard of comparison which afford a yardstick for an opinion as to value; however, they are not *elements* of damage. Separate sales must stand or fall as evidence on similarity or dissimilarity between themselves and the subject property. The rule regarding comparable sales is one of relevancy and not unlike the general evidentiary rule applied in all proceedings requiring similarity of conditions. This test is usually left to the discretion of the court in light of the circumstances of each case. City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766 (1951)." Department of Public Works and Buildings ex rel. People v. Lankford, 65 Ill App2d 133, 137, 212 NE2d 14, 16 (4th Dist 1965).

Likewise, there was no error in admitting the evidence of the Burwash-to-Bash sale. The Burwash property and the defendant's property are shown to have many similar characteristics. Both properties were large acreages, the Burwash acreage being 80 acres and defendant's acreage being 200 acres. The Burwash acreage was along a state highway route and the defendant's acreage was on an improved and well-traveled blacktop road known as Fisher Road. Both the Burwash acreage and defendant's acreage were contiguous to or had available both sewer and water. Both properties were contiguous or near areas already developed. The Burwash

property was being used for agricultural purposes and the defendant's property was being used for agricultural purposes with the exception of two acres. Although the Burwash property was zoned agricultural, which was a holding zoning in the perimeter area, or possibly zoned residential, R–1A, it was acceptable for development for residential, light industry, or commercial. 198 acres out of 200 acres of the defendant's property were being used for agricultural purposes at the time of the filing of the petition, notwithstanding that its highest and best use was light industry.

■■■ As was said by the Supreme Court in the case of City of Evanston v. Piotrowicz, 20 Ill2d 512, 522, 170 NE2d 569, 575 (1960) :

> "As we have also stated in the past, no fixed or general rule has or could be laid down which governs the degree of similarity that must exist between the properties sold and that condemned to make evidence of the sale or sales admissible; rather, the admissibility of such evidence must in each instance be determined by the trial judge within the proper limits of his discretion. City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766 (1951) ; Forest Preserve Dist. v. Kercher, 394 Ill 11, 66 NE2d 873 (1946). This court, moreover, has recognized that 'similar' does not mean 'identical,' but means having a resemblance, and that property may be similar for purposes of fruitful comparison, though each possesses various points of difference. (City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766 (1951), and Forest Preserve Dist. v. Lehmann Estate, Inc., 388 Ill 416, 58 NE2d 538 (1946). Wherever there is a reasonable basis for comparison between the property sold and that being condemned, evidence of the sale is not incompetent, and the dissimilarities between the properties, which are declared to the jury, affect the weight and value of the testimony rather than

278

its competency. Forest Preserve Dist. v. Folta, 377 Ill 158, 36 NE2d 264 (1941) ; City of Chicago v. Vaccarro, 408 Ill 587, 97 NE2d 766 (1951)."

 The damages awarded by the jury are not inadequate as a matter of law. The defendant's argument on this point is based upon the theory that the minimum verdict of damages to land not taken must be ascertained by totaling the defendant's cost estimates of improving the land for its highest and best use after the construction of the improvement being condemned for is in place, where the costs of these improvements is raised by the physical presence of the public improvement and the absence of the land taken from the tract being developed. This question has been raised many times in many cases and the answer is that these costs are factors to be considered by the jury but the test of damage to land not taken is the fair market value of the property before the taking compared with the fair market value of the property afterward. Department of Public Works and Buildings v. Caldwell, 301 Ill 242, 133 NE 642 (1922) ; Department of Public Works and Buildings v. Bloomer, 28 Ill2d 267, 191 NE2d 245 (1963).

The defendant's evidence on this point was relevant as evidence of depreciation in value, but this evidence does not establish a floor for the amount of the jury verdict as stated in the Bloomer case.

> "Upon this testimony as a base, the defendants' argument assumes that each of these items of cost, expense, or inconvenience is directly and independently recoverable. The argument is not sound. As already stated, the measure of recovery for damage to land not taken is reduction in its value resulting from the improvement. Expenditures made and costs incurred in adapting the land to use after the improvement are relevant, if reasonable and economical, as evidence of the depreciation in value, but not

as recoverable items in themselves. (Department of Public Works and Buildings v. Caldwell, 301 Ill 242, 247, 133 NE 642 (1922); City of Chicago v. Provus, 415 Ill 618, 114 NE2d 793 (1953); Central Illinois Public Service Co. v. Lee, 409 Ill 19, 98 NE 2d 746 (1951).) . . ." Department of Public Works and Buildings v. Bloomer, 28 Ill2d 267, 272–273, 191 NE2d 245, 249 (1963).

For the reasons expressed, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.