Rozenting HARDAWAY and Mary
Hardaway, Appellants,

v.

CITY OF DES MOINES, Iowa, Appellee.

No. 53284.

Supreme Court of Iowa.

March 11, 1969.

W. Lawrence Oliver, Des Moines, for appellants.

Harold Van Voorhis, Des Moines, for appellee.

STUART, Justice.

Plaintiffs owned a business building at 10th and Center Streets in Des Moines which was condemned by the city under the Oak Ridge Urban Renewal Project in September, 1967. The sheriff's jury awarded plaintiffs $40,000 damages. They appealed to the district court claiming damages of $75,000. The jury returned a verdict for $30,000. They have appealed alleging five errors.

I. After defendant filed a general denial to plaintiffs' petition but before trial, plaintiffs filed a motion to adjudicate points of law including the following propositions:

"1. Plaintiffs move the Court to determine whether or not there is an appeal on file in this case on behalf of the Defendant, City of Des Moines, Iowa."

"3. Plaintiffs move the Court for adjudication of law points on what effect the plaintiffs' dismissal of their appeal will have on the above and entitled cause of action if said dismissal is made prior to time of trial."

The trial court ruled that the case was at issue and could not be dismissed by either party without the consent of the other and should proceed to trial. Although this appears to be advisory as plaintiffs never made a motion to dismiss and there is therefore a serious question whether they made a proper record on which to appeal, we prefer to decide the issue on its merits.

Under R.C.P. 215 a party may dismiss his own petition or counterclaim without prejudice any time before trial. He may not dismiss his opponent's petition or counterclaim. Felker v. Iowa State Highway Commission, 255 Iowa 886, 890, 124 N.W.2d 435, 438. In an ordinary action a dismissal by plaintiff where the answer is a general denial would dismiss the whole case. However, because of the peculiar nature of a condemnation suit, the general rule cannot be applied here.

In Felker v. Highway Commission, supra, the condemnor appealed from the condemnation jury award. Condemnees filed the petition as required by 472.21 asking for greater damages than received from the condemnation jury. Condemnees served no notice of appeal. Before trial the commission sought to dismiss its appeal with prejudice. We held "plaintiffs' petition here, when the defendant had appealed from the award, was in substance a counterclaim. The plaintiffs asserted the right to relief greater than that awarded by the condemnation commission; the defendant answered, and the matter was at issue." We believe the same reasoning applies here.

A jury may award a condemnee less under a general denial than he received from the condemnation commission. The condemnor can therefore obtain affirmative relief without filing a counterclaim or serving notice of appeal. This is true because a condemnation matter is tried as an original action although an award has been made against the condemnor. As this is the case, the general denial is in substance a counterclaim. To hold otherwise would allow one party to dismiss an action when the other party is in a position to benefit by trial and would in effect, amount to the dismissal of a counterclaim. We therefore hold that once a condemnation appeal has been put in issue by answer, it may not be dismissed by either party without the consent of the other party, if such other party can receive affirmative relief upon trial.

II. Plaintiffs offered to prove by Mr. Hardaway that an unnamed bonding company offered him $75,000 for the property in question in 1965. The trial court sustained the objection the time was too remote and the testimony was not relevant or material.

The general rule is that an unaccepted offer for the purchase of real property is not admissible as evidence of the market value of such real property. 27 Am.Jur.2d 330, Eminent Domain, § 428; Anno. 7 A. L.R.2d 785, et seq., § 3; Nichols, On Eminent Domain, 3rd Ed., section 21.4(1).

"It is, at most, a species of indirect evidence of the person making such offer as to the value of the land. He may have so slight a knowledge on the subject as to render his opinion of no value. Oral and not binding offers are so easily made and refused in a mere passing conversation, and under circumstances involving no responsibility on either side, as to cast no light upon the question of value, and they are unsatisfactory, easy of fabrication and

even dangerous." Nichols, On Eminent Domain, 3rd Ed., § 21.4(1), p. 480. There is no opportunity to cross examine the person making the offer to show his knowledge, intent or the basis of his offer. Sharp v. United States, 191 U.S. 341, 348–349, 24 S.Ct. 114, 48 L.Ed. 211, 213.

Nichols cites some jurisdictions including Iowa for the proposition that offers to purchase land in question are admissible if made in good faith within a reasonable time prior to condemnation with the intention and ability to carry out the transaction. Nichols, ibid., p. 483.

However, the Iowa law is not settled. In Morril v. Bentley, 150 Iowa 677, 684, 130 N.W. 734, 737, we held it was not competent to prove the value of preferred stock by an unaccepted offer received by the owner. It was cited with approval in Sullivan v. Herrick, 161 Iowa 148, 151, 140 N.W. 359.

In Faust v. Hosford, 119 Iowa 97, 104, 93 N.W. 58, Justice Deemer without citing authority held evidence of bona fide offers to the owner of certain sums for the property or part thereof should have been admitted on the question of value.

The same justice in Rottlesberger v. Hanley, 155 Iowa 638, 647, 136 N.W. 776, 780, stated: "In cases involving the value of personal property which has no market value, bona fide offers for such property are admissible; if for no other reason to show the competency of the witness." In addition to Faust he cites Clausen v. Tjernagel, 91 Iowa 285, 59 N.W. 277, and Joy v. Security Fire Insurance Company, 83 Iowa 12, 16, 48 N.W. 1049. Clausen was not in point and Joy involved evidence of an offer to sell by the owner which is an entirely different question.

We believe as a general rule an unaccepted offer for the purchase of real estate should not be received as evidence of the value of such real estate. However, that is not to say there might not be ex-

ceptional cases in which the evidence establishes a foundation for a bona fide offer so firmly and completely that the trial court would not abuse its discretion in receiving evidence of such offer.

The Illinois court after announcing the rule of admissibility of bona fide offers in Chicago v. Lehmann (1914), 262 Ill. 468, 104 N.E. 829, has, in subsequent cases, prescribed quite stringent requirements recognizing the weaknesses of this type of evidence. The burden is placed on the party seeking to introduce such evidence to lay a sufficient foundation to establish the offer was made prior to condemnation "in good faith, by a man of good judgment, acquainted with the value of the real estate and of sufficient ability to pay. It must be for cash and not for credit or in exchange and it must be determined whether made with reference to the fair cash market value of the property or to supply a particular need or fancy. Private offers can be multiplied to any extent, for the purpose of the cause, and the bad faith in which they were made would be difficult to prove. * * * The question of admission is one involving the discretion of the court and the decision of the court will not be distrubed unless it is manifestly against the weight of the evidence." City of Chicago v. Harrison-Halsted Building Corp., 11 Ill.2d 431, 143 N.E.2d 40, 45.

The Illinois court also accorded evidentiary priority to comparable sales because of the doubtful probative value of a mere offer and will accept evidence of such offer only in the absence of an actual sale affording a comparable standard. Department of Public Works and Buildings of Illinois v. Lankford, 65 Ill.App.2d 133, 212 N.E.2d 14, 16.

To these limitations we would add the requirement that the proof come from the offeror. We do not intend to deprive the person against whom such offer is made of the right of cross-examination. Sharp v. United States, 191 U.S. 341, 348–349, 24 S.Ct. 114, 48 L.Ed. 211, 213.

There was no attempt to lay any sort of a foundation in the instant case and the general rule excluding unaccepted offers applies. The trial court did not err in excluding this evidence.

III. Photographs of the subject property, exhibits "C" through "J" were admitted into evidence over plaintiffs' objection that no proper foundation had been laid. This ruling is assigned as error.

After the city's witness Winegar stated his qualifications as an appraiser, he was handed exhibits "C" through "J". On each exhibit except "D" and "E" he was asked in substance if the exhibit "accurately and properly represents the condition of the property as it was on October 10, 1967", the date of condemnation. The identification of exhibits "C" and "D" omitted the pertinent date. Plaintiffs objected to each question on the ground that no proper foundation had been laid. When the exhibits were offered into evidence they were objected to for the same reason because "no time was established".

On cross-examination Winegar testified he did not take the photographs and did not know when they were taken.

Mr. Hardaway testified some of the exhibits were taken within a month of the trial which took place February 26, 1968. He asked that exhibits "C" through "J" "be withdrawn from the consideration of the jury as it now is conclusive that they were taken within the last month which was about four months after condemnation" therefore incompetent, irrelevant and immaterial. Even if we assume such proof was conclusive, which is questionable, the court did not err in admitting the photographs.

A photograph is not rendered inadmissible by proof it was taken sometime after the material date if extrinsic evidence shows it is a true and accurate representation of the subject it purports to represent as it appeared at the pertinent time. Dice v. Johnson, 198 Iowa 1093, 1095–1096, 199 N.W. 346; Plumb v. Minneapolis and St. Louis Railway Co., 249 Iowa 1187, 1200, 91 N.W.2d 380, 388; State v. Estrella, 257 Iowa 462, 467, 133 N.W.2d 97, 100; Udell v. Peterson, 257 Iowa 474, 482–483, 133 N.W.2d 119, 124; 32 C.J.S. 1007 Evidence § 715.

"The admission or rejection of a photograph in evidence is a matter addressed to the sound discretion of the court, and in the absence of an abuse of such discretion the court's ruling will not be disturbed on appeal." Gose v. True, 197 Iowa 1094, 1098, 198 N.W. 528, 530; Jacobsen v. Hala, 255 Iowa 918, 924, 125 N.W.2d 500, 503; Plumb v. Minneapolis and St. Louis Railway Company, 249 Iowa 1187, 1200, 91 N.W.2d 380, 388; Hansen v. Franklin County, 247 Iowa 1287, 1291, 78 N.W.2d 805, 807; Coonley v. Lowden, 234 Iowa 731, 743, 12 N.W.2d 870, 878; Ingebretsen v. Minneapolis and St. Louis Railway Company, 176 Iowa 74, 83, 155 N.W. 327.

The city could have been more careful in laying a foundation for the admission of the photographs, particularly exhibits "D" and "E". However, we are not prepared to say the trial court abused its discretion in admitting them into evidence.

"So far as we can find, we have never reversed a case because of the admission of photographs. Other courts have also been slow to reverse because of such a ruling. [Citations] Reversible error does not necessarily result from the admission of a photograph even though it could properly have been excluded." Coonley v. Lowden, supra, 234 Iowa at 743–744, 12 N.W.2d at 878.

The photographs were exterior and interior views of the real estate subject to condemnation taken within four months after the date of the condemnation. The property would not show much change in this period of time. The owner when testifying as to the time the photographs were taken did not point out any changes that had taken place in the interim.

We have examined all the photographs and find no signs of deterioration except one boarded up window in a cafe which was vacant at the time of the condemnation. The photographs were not unfavorable to plaintiffs. We are unable to see how plaintiffs were prejudiced by their admission into evidence. Korf v. Fleming, 239 Iowa 501, 514, 32 N.W.2d 85, 93. There was no reversible error in the admission of these photographs.

IV. Plaintiffs argue they did not receive a fair trial because the court permitted witnesses to answer many leading questions.

We have repeatedly held the trial court has a considerable discretion in admitting or excluding answers thereto. There must be a clear showing of abuse of such discretion to justify a reversal. State v. Long, 256 Iowa 1304, 1310, 130 N.W.2d 663, 666; Hackman v. Beckwith, 245 Iowa 791, 805, 64 N.W.2d 275, 284. We find nothing here so objectionable we can say the court abused its discretion.

V. Plaintiffs object to the use of the term "cash price" in defining fair and reasonable market value in instruction no. 5.

It is not only proper, but preferable, to define fair and reasonable market value as the "cash price". It is the cash price not a contract price which is involved. In Stortenbecker v. Iowa Power & Light Co., 250 Iowa 1073, 1080–1081, 96 N.W.2d 468, 472, in which it was urged it was error to exclude "cash" from the definition we said: "It is true that in discussing such matters the courts often use the terms 'value', 'market value', 'cash market value', 'fair market value', and 'fair cash market value' as synonymous. As used in condemnation proceedings generally, we think they are. We

have often said the terms refer to the price which a willing buyer under no compulsion to buy would pay a willing seller under no compulsion to sell, and have indicated that market value refers to cash market value. State v. Hathaway, 100 Iowa 225, 69 N.W. 449. We cannot agree with defendant that to omit the word 'cash' infers a credit transaction may be involved, which would change the estimated values or change the ultimate figure representing the damages suffered. By all authority, to obtain rights in the property of another, the condemnor must pay by cash the award returned unless otherwise agreed between the parties themselves."

Objections were taken to other instructions which were not stated or argued on appeal and are deemed waived under R.C.P. 344(a) (4) (third).

The city's brief and argument does not comply with R.C.P. 345 which now requires printing on both sides of the paper in order to conserve space in the already crowded libraries. We ask the bar to recognize and comply with this rule.

For the reasons stated the trial court is affirmed.

Affirmed.

All Justices concur, except GARFIELD, C. J., and MASON, J., who concur specially.

GARFIELD, Chief Justice (specially concurring).

I concur in the result and in the opinion except what is said in the nature of dictum as to what might be held under a record entirely different from the record here.

MASON, J., joins in this special concurrence.